# COURT OF APPEALS,

## May 14, 1915.

### THE PEOPLE v. ERVING W. DWYER.

(215 N. Y. 46.)

(1.) STATUTES—REPEAL OF, BY IMPLICATION NOT FAVORED BY LAW.

Repeal of a statute by implication is not favored, and a statute will not be deemed to have been repealed by a later statute if the two are not clearly repugnant, unless the intent so to do is clearly indicated.

(2.) SAME—WHEN COURTS WILL SUSTAIN TWO STATUTES EVEN THOUGH THEY COVER SUBSTANTIALLY THE SAME OFFENSE.

Penal statutes even though they cover substantially the same offenses may stand together. (Penal Law, § 1938.) Where, as in section 2500 of the Penal Law, the legislature has said that no provision of a particular act shall be deemed repealed, altered or amended by the passage of any subsequent statute inconsistent therewith, unless such statute shall explicitly refer thereto and directly repeal, alter or amend the same, the courts will not construe a subsequent statute as repealing, altering or amending such former statute unless the intent so to do is clear and unmistakable.

People v. Dwyer, 31 N. Y. Crim. 62, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 6, 1914, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendants of the crime of conspiring to commit acts injurious to trade and commerce.

The indictment charges in terms a violation of section 580 of the Penal Law in that the defendants and certain other persons " did conspire, combine, confederate and agree together, between and among themselves,  *  *  *  unlawfully to control and monopolize, in the city and county of New York, the sale of live poultry at wholesale, and unlawfully to exclude, restrict,

prevent and prohibit all persons excepting themselves and the said copartnerships and corporations of which they were then and there such members and officers as aforesaid from engaging in the said city and county of New York in the business of dealing as commission merchants in live poultry and in selling live poultry at wholesale, and unlawfully to restrain, remove, prevent and destroy competition in the said businesses and in each of them, in the said city and county of New York, between and among themselves, and unlawfully to restrain, remove, prevent and destroy competition therein, in the said city of New York, between themselves on the one hand and all other persons engaged in either of the said businesses on the other hand, and unlawfully to limit, fix and control in the said city of New York the sale at wholesale of live poultry, and unlawfully to restrain and prevent competition in the said city and county of New York in the supply and price of live poultry."

*Francis A. Winslow* and *Isaac N. Jacobson* for appellants.

The motions to set aside the indictment made at the commencement of the case, and to dismiss the indictment and direct an acquittal made at the close of the People's case, and to dismiss the indictment made at the close of the whole case, and in arrest of judgment at the time of sentence, should have been granted.   (People v. Sheldon, 139 N. Y. 251; Heckman v. Pinkney, 81 N. Y. 211; People v. Gold & Stock Tel. Co., 98 N. Y. 67; People v. Jaehne, 103 N. Y. 182; Horton v. Cantwell, 108 N. Y. 225; Anderson v. Anderson, 112 N. Y. 104; Matter of N. Y. Inst., 121 N. Y. 234; People v. Moran, 123 N. Y. 254; Cromwell v. McLean, 123 N. Y. 474; Stack v. City of Bklyn., 150 N. Y. 325; People, etc., v. Peck, 157 N. Y. 51; Pratt Inst. v. City of N. Y., 183 N. Y. 151; Matter of Bklyn., Q. C. & S. R. R. Co., 185 N. Y. 171; City of Buffalo v. Lewis, 192 N. Y. 193; United States v. Tynen, 11 Wall. 92; United States v.

Claflin, 97 U. S. 546; King v. Cornell, 106 U. S. 395.)   The two statutes are absolutely repugnant and may not stand together upon the subject of monopolies.   (People v. Buffalo Fish Co., 164 N. Y. 93.)

*Charles A. Perkins, District Attorney (William A. De Ford of counsel), for respondent.*

Neither subdivision 1 nor subdivision 6 of section 580 of the Conspiracy Law was repealed by implication by the enactment of sections 340 and 341 of the General Law.   The defendants might properly have been tried and convicted under the indictment here for a violation of either subdivision 1 or 6 of the Conspiracy Law, or sections 340 and 341, article 2, of the Business Law.   (Bowen v. Lease, 5 Hill, 221; McCartee v. Orphan Asylum Society, 9 Cow. 437; Davis v. Supreme Lodge, 165 N. Y. 159; Bush v. D., L. & W. R. R. Co., 166 N. Y. 210; Matter of Tiffany, 179 N. Y. 455; Pratt Institute v. City of New York, 183 N. Y. 151; King v. Cornell, 106 U. S. 395; People v. Harris, 123 N. Y. 70; L. S. Township v. A. S. Furniture Co., 31 Ind. App. 505; C. W. & V. Coal Co. v. People, 214 Ill. 421.)

Chase, J.:

Nineteen persons, including the appellants, were jointly indicted, charged with the crime of conspiracy as stated in section 580 of the Penal Law.   The appellants, thirteen in number, have been convicted under such indictment.   They appealed to the Appellate Division from the judgment of conviction, and the judgment was there unanimously affirmed.

The appellants insist that the judgment should be reversed because, as they allege, said section of the Penal Law was repealed prior to the finding of such indictment.   The indictment was first found March 23, 1910.   The Penal Law was first enacted as such in 1909 and became chapter 40 of the Con-

solidated Laws, and took effect March 12, 1909. Said section 580 of the Penal Law, so far as material, is as follows:

" Sec. 580. Definition and punishment of conspiracy.—If two or more persons conspire:

" 1. To commit a crime; or,

" 2. *  *  *

" 3. *  *  *

" 4. *  *  *

" 5. *  *  *

" 6. To commit any act injuries to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice, or of the due administration of the laws,

" Each of them is guilty of a misdemeanor."

Said section 580 of the Penal Law was taken from and is substantially the same as section 168 of the Penal Code. It had remained in the Penal Code from its first enactment in 1881 without amendment. When included in the Penal Code it was in large part taken from section 8 of chapter 1, title 6, part 4 of the Revised Statutes.

The appellants' claim that section 580 of the Penal Law has been repealed is based upon the enactment of chapter 690 of the Laws of 1899 and of sections 340 and 341 of the General Business Law. The General Business Law was enacted in 1909 and became chapter 20 of the Consolidated Laws, and took effect February 17, 1909. Said sections of the General Business Law were taken from chapter 690 of the Laws of 1899 known as the Anti-Trust Law. The Penal Law and the General Business Law are to be construed as continuations of the prior and existing laws. (General Construction Law [chapter 22 of the Consolidated Laws], sections 95, 101.)

It will be noted that the Penal Law was enacted and went into effect after the General Business Law was enacted and went into effect.

Upon the facts it is difficult .to appreciate how the Penal Law last enacted can be deemed repealed or ineffective by reason of provisions of previous statutes—but independent of the order in which the statutes were enacted we are of the opinion that it was not the intention of the legislature to repeal section 580 of the Penal Law in whole or in part.

It is provided by section 2500 of the Penal Law as follows: "No provision of this chapter, or any part thereof, shall be deemed repealed, altered or amended by the passage of any subsequent statute inconsistent therewith, unless such statute shall explicitly refer thereto and directly repeal, alter or amend this chapter accordingly."

Section 2500 of the Penal Law was taken from section 728 of the Penal Code and was added to the Penal Code by chapter 31 of the Laws of 1886.

The general rule is that a statute " is not repealed by implication, unless the two statutes are manifestly repugnant and inconsistent, or the later statute covers the whole subject-matter and was intended as a substitute for the former. * * * A repeal of a statute by implication is not favored, and is only allowed when the inconsistency and repugnancy of the two acts are plain and unavoidable. * * * The intent of the legislature must prevail, and a statute will not be deemed to have been repealed by a later statute, if the two are not clearly repugnant, unless the intent to repeal is clearly indicated." (Mongeon v. People, 55 N. Y. 613, 615; Smith v. People, 47 N. Y. 330. See Bowen v. Lease, 5 Hill, 221; Davis v. Supreme Lodge K. of H., 165 N. Y. 159; Pratt Institute v. City of New York, 183 N. Y. 151; People v. Harris, 123 N. Y. 70.) " The legislature could not declare in advance the intent of subsequent legislatures or the effect of subsequent legislation upon existing statutes." (Mongeon v. People, *supra*, 618.) Where, however, as in section 2500 of the Penal Law, the legislature has said that no provision of a particular act shall be deemed

repealed, altered or amended by the passage of any subsequent statute inconsistent therewith unless such statute shall explicitly refer thereto and directly repeal, alter or amend the same, the courts will not construe a subsequent statute as repealing, altering or amending such former statute unless the intent so to do is clear and unmistakable.

The legislature again recognized the validity of the provisions of section 580 of the Penal Law by enacting chapter 395 of the Laws of 1910 which provides, in terms, that no person shall be excused from testifying upon any investigation, proceeding or trial for a violation of any of the provisions of this article. (Penal Law, article 54, sections 580 to 584.) Section 580 of the Penal Law applies, as appears by its terms, to a conspiracy to commit a crime or an agreement to commit an act injurious to trade or commerce, while the sections of the General Business Law relate to subsequent contracts or agreements made in carrying out such conspiracy or act injurious to trade or commerce. (See C. W. & V. Coal Co. v. People, 214 Ill. 421, 445.) As so construed they are not so repugnant as to be unable to stand together. Penal statutes even covering substantially the same offenses may stand together, and section 1938 of the Penal Law provides: " An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision."

The facts are briefly and generally stated in the report of this case in the Appellate Division. (People v. Dwyer, 160 App. Div. 542.) It is unnecessary to extend this opinion further. We are of the opinion that the indictment sufficiently charges the crime of conspiracy. The Appellate Division has unanimously affirmed the judgment of conviction upon the in-

dictment, and we do not find any error in the record that requires a reversal.

The judgment of conviction should be affirmed.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, MILLER, CARDOZO and SEABURY, JJ., concur.

Judgment of conviction affirmed.