(174 App. Div. 301)

PEOPLE v. ADLER.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

1. SUNDAY ⬅═4—CRIMINAL OFFENSES—"PERFORMANCE OF LABOR."

The fact that accused did not personally labor on Sunday *held* no defense to a prosecution for Sabbath breaking, under Penal Law (Consol. Laws, c. 40) § 2143, in operating his factory, where he was present at the factory and engaged in overseeing and carrying on the business in exactly the same manner as on weekdays; such conduct on his part being the "performance of labor," within the meaning of the statute.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. § 4; Dec. Dig. ⬅═4.]

2. SUNDAY ⬅═8—VIOLATION OF SUNDAY LAW—UNLAWFUL LABOR.

Under Penal Law, § 2144, providing it shall be a sufficient defense to a prosecution for Sabbath breaking, under section 2143, that defendant uniformly keeps another day of the week as holy time, and that the work complained of was done in such manner as not to interrupt or disturb other persons in the observance of Sunday, *held*, the fact that defendant keeps Saturday as holy time was no defense to a prosecution for operating a factory so noisily as to disturb other persons in the immediate vicinity.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. § 21; Dec. Dig. ⬅═8.]

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INDICTMENT AND INFORMATION ⬤�himo108—REQUISITES—SURPLUSAGE—REFER-
ENCE TO STATUTE. '
    An information charging that defendant publicly conducted a shoe fac-
tory on Sunday, using both machinery and individual labor, is complete,
without the addition of the words "in violation of" Penal Law, § 2143,
which are mere surplusage, not prejudicial to the defendant, and not
binding on the prosecution.
    [Ed. Note.—For other cases, see Indictment and Information, Cent.
Dig. §§ 284, 285; Dec. Dig. ⬤➡108.]

4. INDICTMENT AND INFORMATION ⬤➡108—REFERENCE TO STATUTE—SUNDAY
LAW—UNLAWFUL LABOR.
    In a prosecution for Sabbath breaking, in violation of Penal Law, §
2143, *held*, defendant could be convicted of unlawfully operating a fac-
tory in violation of Penal Law, § 2146; the additional allegations of the
section of the statute being nonprejudicial surplusage which may be dis-
regarded.
    [Ed. Note.—For other cases; see Indictment and Information, Cent.
Dig. §§ 284, 285; Dec. Dig. ⬤➡108.]

5. SUNDAY ⬤➡8—LABOR—CRIMINAL PROSECUTIONS—DEFENSES.
    The provisions of Penal Law, § 2144, providing that servile labor on
Sunday, prohibited by section 2143, may be justified, where the accused
keeps another day of the week holy, is no defense to a prosecution un-
der section 2146 for conducting on Sunday trades, manufactures, or agri-
cultural or mechanical employments.
    [Ed. Note.—For other cases, see Sunday, Cent. Dig. § 21; Dec. Dig.
⬤➡8.]

Appeal from Court of Special Sessions of the City of New York.

Joseph Adler was convicted of Sabbath breaking, in violation of Pe-
nal Law, § 2143, and he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and
PUTNAM, JJ.

Isaac Siegmeister, of Brooklyn, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (Harry E. Lewis,
Dist. Atty., of Brooklyn, on the brief), for the People.

RICH, J.. The defendant is the proprietor of a factory for manufac-
turing boots and shoes on Atlantic avenue in the borough of Brook-
lyn. On April 10, 1916, an information was presented to a Magis-
trate's Court in said borough, in which appellant was charged with hav-
ing, on Sunday, April 9, 1916, at his said place of business, publicly
conducted "a shoe factory by having the machines in operation, and the
operators working, thereby making a loud noise, so as to interfere with
the repose and religious liberty of the community, contrary to and in
violation of the statute in such case made and provided, in violation of
section 2143, Penal Law." The defendant was arrested, and upon his
trial all of the elements constituting a violation of section 2143 of the
Penal Law were proven without contradiction. 

[1] The defendant testified that he never operated his factory on
Saturday, which day he observed as his Sabbath, but kept his factory
open and running on Sundays. He was convicted, and now contends
that it was not proven that he personally "labored" on Sunday, April
9th. This contention is without merit. Concededly he was present

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

at the factory and engaged in overseeing and carrying on his business, exactly the same as on weekdays, and this is sufficient to bring him within the prohibition of the statute. Conducting, overseeing, and carrying on of his business, in all its details, was engaging in and performance of "labor," within the meaning of that word as used in section 2143 of the Penal Law.

[2] He further contends that, inasmuch as he uniformly kept Saturdays as holy time, and closed his factory and did not labor on Saturdays, he could not, because of the provisions of section 2144 of the Penal Law, be legally convicted of the offense with which he was charged; there being no proof "that the noises complained of caused a 'serious interruption of the repose and religious liberty of the community.'" Section 2144 provides:

"It is a sufficient defense to a prosecution for work or labor on the first day of the week that the defendant uniformly keeps another day of the week as holy time, and does not labor on that day, and that the labor complained of was done in such manner as not to interrupt or disturb other persons in observing the first day of the week as holy time."

The answer to that contention is that two witnesses living in the immediate vicinity of the factory testified that they were disturbed and annoyed by the manner in which the work was done on Sundays, because of the noise arising therefrom, and that there was a Sunday school in the immediate vicinity. It was incumbent on the defendant, in order to bring himself within the exception contained in section 2144, not only to show that he uniformly keeps another day of the week as holy time and does not labor on such days, but he must go further and prove that the labor complained of was done in such manner as not to interrupt or disturb other persons in observing the first day of the week as holy time.

[3, 4] There is another reason why the appellant cannot succeed on this appeal. The information does not charge the defendant with performing servile labor on Sunday. On the contrary, it charges him with having publicly conducted a shoe factory on Sunday, using in the operation both machinery and individual labor, which is a violation of section 2146 of the Penal Law, which prohibits "all trades, manufactures, agricultural or mechanical employments upon the first day of the week," except works of necessity. The information charges an offense, so conducted as to interfere with the "repose and religious liberty of the community," contrary to and in violation of the statute in such case made and provided, and is complete without the addition of the words "in violation of section 2143, Penal Law," which may be disregarded as surplusage. The addition of these words did not prejudice the defendant, as the facts are fully and correctly charged, under either section constituting "Sabbath breaking." The defendant was advised of the acts relied upon to constitute the alleged "violation of the statute," and the unnecessary designation of the section did not limit the prosecution to the acts therein stated.

[5] The acts prohibited by section 2146, as charged in the information, were proven, and the provisions of section 2144 have no application to such offense. They have reference only to the servile labor

specified in section 2143, and constitute no defense to the offense of conducting on Sunday "trades, manufactures, agricultural or mechanical employments," prohibited by section 2146. Anonymous, 12 Abb. N. C. 455; Commonwealth v. Has, 122 Mass. 40; Commonwealth v. Kirshen, 194 Mass. 151, 80 N. E. 2; Commonwealth v. Starr, 144 Mass. 359, 11 N. E. 533.

The judgment of conviction of the Court of Special Sessions is affirmed. All concur.