THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRED DIOQUARDO, Appellant.

Argued January 14, 1952; decided March 13, 1952.

*Sol Gordon* and *Sidney R. Siben* for appellant. I. The information failed to charge a crime under section 43 of the Penal Law, is therefore defective, and the conviction thereunder is a nullity. (*People ex rel. Brown* v. *Tighe,* 146 App. Div. 491; *People* v. *Rosenkrantz,* 123 Misc. 335.) II. The acts of defendant complained of in the information are amply covered by subdivisions 1 and 2 of section 722 of the Penal Law. (*People* v. *Tylkoff,* 212 N. Y. 197; *People* v. *Corrigan,* 253 N. Y. 301.)

*Lindsay R. Henry, District Attorney* (*Harry C. Brenner* of counsel), for respondent. While the contention of defendant purports to question the sufficiency of the information, a reading of defendant's brief indicates that the only question before this court is whether or not, under the facts in this case, defendant should have been charged with a violation of section 722 of the Penal Law instead of section 43. (*People* v. *Tylkoff,* 212 N. Y. 197; *People* [*Grahl*] v. *Vogt,* 178 Misc. 446; *People* v. *Copit,* 187 Misc. 744; *People* v. *Carter,* 88 Hun 304; *People ex rel. Schneider* v. *Hayes,* 108 App. Div. 6; *People ex rel. Dinsmore* v. *Keeper of Erie Co. Penitentiary,* 125 App. Div. 137.)

*Per Curiam.* The information charges a violation of section 722 of the Penal Law by name although not by section number. There is no requirement that the section number be mentioned. Indeed, the presence of the number is unnecessary and surplusage. (*People* v. *Adler,* 174 App. Div. 301, 303; see, also, *People* v. *Dwyer,* 160 App. Div. 542, 547, affd. 215 N. Y. 46.) The information also sets forth, with sufficient certainty and particularity, the act constituting that offense, which the defendant concedes to be disorderly conduct. It was sufficient to justify

the issuance of a warrant of arrest. Thus, the court had jurisdiction both of the person of the defendant and the subject matter of the charge.

The allegations in the information to the effect that the defendant's act violated section 43 of the Penal Law and openly outraged public decency — the language of section 43 — are unnecessary matter, and may be disregarded.

The improper designation in the information of disorderly conduct as a " crime " instead of " offense " is an irregularity which the defendant waived when he entered his plea of guilty.

The defendant was properly convicted of disorderly conduct. We pass upon no other question.

The judgment should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment affirmed.