THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* IRVING GILINSKY, Appellant.

County Court, Broome County, June 25, 1952.

*Travis & Whiting* for appellant.

*Robert E. Fischer, District Attorney (Louis M. Greenblott* of counsel), for respondent.

BARNES, Acting County Judge. This is an appeal from the conviction under section 722 of the Penal Law. The defendant plead not guilty and was convicted by the Justice presiding, after a trial.

The jist of the appeal is that the testimony fails to prove any offense or crime beyond a reasonable doubt.

The evidence consists of two phases; the first being that the defendant, in the nighttime, stood by a tree looking across the street at two girls. Some significance is placed upon the fact that a tree apparently obstructed the visibility of the defendant, by the girls. The girls went their way and do not enter into the offense in any other manner. This, of course, is no offense, as it is the universal delight of men of all ages to look at girls; some even whistle.

The other phase of the charge is that the defendant, in the nighttime, in passing along the sidewalk, entered into the private walk which led from the sidewalk to the rear doors between two houses; the front room of each house being the living room, and being lighted and being rooms in which there was no person, at the time. The defendant, according to the testimony, proceeded as far as the living rooms of these houses and then retreated to the sidewalk on two different occasions. There was no testimony that any living person was in the houses or on the sidewalk or anywhere in the locality (except the police officer who was operating his automobile on the highway). When accosted by the police officer, the defendant readily obeyed all his commands; made no attempt at flight or resistance. He gave an explanation of aimlessness.

The case comes within the precedent set forth in *People* v. *Perry* (265 N. Y. 362); *People* v. *Monnier* (280 N. Y. 77); *People* v. *Nixon* (248 N. Y. 182), and many others.

The District Attorney cites the recent case of *People* v. *Dioquardo* (303 N. Y. 514) as well as *People* v. *Adler* (174 App. Div. 301) and *People* v. *Dwyer* (160 App. Div. 542, affd. 215 N. Y. 46). In the recent case of *People* v. *Dioquardo,* the defendant entered a plea of guilty to the information charging the commission of a " crime  *  *  *  by wrongfully  *  *  * act in such a manner as to disturb the Public Peace " etc. The plea of guilty was an admission that the acts were wrongful, etc.; while in the present case, the plea of not guilty controverts the wrongful intent and creates the presumption of innocence. This case is, therefore, distinguished from the *Dioquardo* case and requires proof of wrongful intent.

The acts proven may be called suspicious but fail to establish facts inconsistent with innocence. The judgment of conviction should be reversed and the information dismissed.