■  THE PEOPLE OF THE STATE OF NEW YORK, v. MORGAN D. RYAN, Appellant.— Defendant appeals from a judgment of conviction rendered in the Supreme Court of Ulster County (HENRY CLAY GREENBERG, J.) and entered upon a jury verdict of paying bribes to various Town Superintendents of Highways in said county. The appeal seeking a reversal is grounded upon two alleged errors: (1) That he was indicted and convicted under section 1822 of the Penal Law instead of section 378 and (2) the corroboration necessary to support the charge was insufficient. The indictment charged the violation of section 1822 of the Penal Law in that the defendant offered and gave a bribe to a designated Town Superintendent of Highways who was then and there a public officer of the State of New York, to wit, Superintendent of Highways of a designated town, and a conviction thereunder cannot stand, according to the contention of the defendant, because the bribery referred to in that section is intended to apply only to State executive and administrative officers. It is his contention that the indictment should have been predicated under section 378 which is omnibus in form and includes all public officers not covered by other statutes. The only distinction between the two sections is the description of the person bribed, the proof required and the punishment upon conviction being the same. The indictment charged the defendant in three separate counts

with "the crime of Bribery, in violation of Section 1822, by giving a bribe to the Superintendent of a designated Town who was a 'public and designated officer of the State of New York'". There is no serious dispute but that the wording of the indictment charged the crime of bribery and under the circumstances herein, whether it be charged under one or both of the sections is of no great import. The gist of the crime of bribery is the wrong done to the People by the corruption in the public service. The defendant has been unable to show that he was prejudiced by the indictment referring to section 1822 in the place of section 378 and he concedes that bribery of a Town Highway Superintendent would constitute a violation of section 378. In *People* v. *Lafaro* (250 N. Y. 336) it was held that bribery of a village police officer was a violation of both sections 378 and 1822. In *People* v. *Dioquardo* (303 N. Y. 514) the court said at page 515: "The information charges a violation of section 722 of the Penal Law by name although not by section number. There is no requirement that the section number be mentioned. Indeed, the presence of the number is unnecessary and surplusage. (*People* v. *Adler*, 174 App. Div. 301, 303; see, also, *People* v. *Dwyer*, 160 App. Div. 542, 547, affd. 215 N. Y. 46.) The information also sets forth, with sufficient certainty and particularity, the act constituting that offense". In *Hammer* v. *United States* (271 U. S. 620) the court said at page 625: "The indictment does not specify the section under which it is drawn, but the omission is immaterial. The offense charged is to be determined by the allegations." If the language of the indictment is set forth with sufficient clarity and certainty so as to properly describe the crime charged and bring it within the wording of the statute on which it is premised, the defendant has no cause for complaint. (See Code Crim. Pro., § 285.) The indictment against Ryan was sufficient to clearly identify the charges so that the defendant understood the nature and the character of the crime with which he was charged. (*People* v. *Armlin*, 6 N Y 2d 231, 234.) If the reference to the number of the section had been omitted there would be no question that the wording of the indictment charged bribery and the proof at the trial was of such a character and substantially complied with the charge in the indictment so that the defendant could not again be put in jeopardy for the same offense. (*People* v. *Oliver*, 3 N Y 2d 684, 686; *Berger* v. *United States*, 295 U. S. 78.) The additional fact that the Trial Judge in his charge referred to a wording of section 1822 has not been shown to be prejudicial. The further basis for this appeal by the defendant is directed to the sufficiency of the proof of corroboration, defendant contending that the receipt of proof of other bribes not charged in the indictment for the purpose of establishing a common scheme or plan was error. In *People* v. *Molineux* (168 N. Y. 264, 293 [1901]) the general rule was established that evidence is not admissible for the purpose of proving a crime not alleged in the indictment. The court found certain exceptions to that rule when the proof of another crime tended to establish "(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial." The court here has allowed such proof under the fourth exception and we think correctly so. In *People* v. *Duffy* (212 N. Y. 57, 68) the defendant was a police officer and the indictment charged him with the crime of bribery in receiving and collecting "hush money" from the operator of a gambling resort. At the trial there was testimony from one of the owners of such resort and a fellow police officer of other receipts of "hush money" other than charged in the indictment. The police officer when testifying was allowed to show that the precinct in which he had formerly worked had been subdivided and that the defendant had started to work in the old part thereof and he, the witness, had

given to him, the defendant, a list of the places making tribute for a considerable period of time prior to when the defendant took over. The testimony was allowed not only to show proof of a scheme or plan but also corroboration of the accomplice's testimony and as to the former, it was permitted to show the existence of a plan for the commission of crimes other than alleged in the indictment but so related in character, time and place of commission as to give credence to the conclusion that there was a plan or scheme which embraced the crime testified to and tends to establish commission of the crime charged in the indictment. Proof of one is some evidence or tends to establish the other, all of which, of course, is finally resolved by the jury following a proper charge, which was given in this case. As to the element of time to which the defendant alluded as extending over too long a period of time — five years — we do not consider under the facts herein that it was prejudicial nor does the Statute of Limitations have any application. The testimony tended to establish that from the date of the first testimony as to "kickbacks" until the time set forth in the indictment there was a continuous course of conduct by the defendant with reference to his relationship with the various Town Superintendents of Highways in Ulster County. While the testimony as to a common plan and scheme seems fully justified, in this case there is an abundance of other testimony as to corroboration. The former president and the former bookkeeper of the defunct corporation for which defendant worked testified as to the practice of the corporation through its officers and agents paying to the Superintendents of Towns in return for their oil business, one cent on each gallon purchased, and which amount was likewise verified through the testimony of some of the Superintendents. Then there was other testimony adduced through various documentary exhibits which tended to verify this practice. For example, there was a statement from the corporation to one of the towns showing a purchase of 13,251 gallons of oil. Thereafter a voucher was prepared by the Superintendent verifying the purchase and which resulted in a town check being drawn on the highway fund for the cost of the oil. The documentary evidence then disclosed that the defendant Ryan submitted to his company an unitemized voucher for meals, telegrams and miscellaneous in the amount of $135.21, which represented one cent for each gallon of oil purchased by the town and thus tended to verify the testimony as to the "kickback" at the rate of one cent per gallon. There are many other exhibits tending to verify similar transactions with other Town Superintendents. Considering all of the cumulative testimony, it is conclusive as to the guilt of this defendant. The testimony of the witness Stagg, former president of the defunct corporation — the court in his charge to the jury classified him as an accomplice — as to the arrangement by Ryan for a payment of a one cent kickback, corroborated by the testimony of some of the Town Superintendents and the documentary evidence, is of itself sufficient fulcrum to sustain the conviction. Judgment unanimously affirmed.