■ In the Matter of RUNWAY INN, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the Civil Practice Act to review and annul a determination of the State Liquor Authority, dated May 18, 1961, suspending for 10 days petitioner's restaurant liquor license on the ground that it had violated subdivision 1 of section 65 of the Alcoholic Beverage Control Law by serving alcoholic beverages to a minor under 18 years of age. By order of the Supreme Court, Nassau County, made June 7, 1961, pursuant to section 1296 of the Civil Practice Act, the proceeding has been transferred to this court for disposition. Determination confirmed and proceeding dismissed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of THRIFT TOWN BROOKLYN CORP., Respondent, v. MILTON FINE, Appellant.— In a proceeding under article 78 by a corporation to compel its bookkeeper, Milton Fine, who is also one of its directors, to deliver to it the corporate books and records, said Milton Fine appeals from an order of the Supreme Court, Kings County, dated February 23, 1962, which directed him forthwith to turn over to petitioner, Thrift Town Brooklyn Corp., at its principal place of business, located at 810 Pennsylvania Avenue, in the Borough of Brooklyn, City of New York, certain enumerated corporate books and papers concededly in his possession at 918 East 51st Street, in said borough. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of ADAM USHEROWITZ, Appellant, v. MAX H. FOLEY et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the respondents, who constitute the Board of Standards and Appeals of the City of New York, denying the petitioner's application for a variance so as to permit "the legalizing" of a certain one-family frame wood structure in the Borough of Brooklyn, City of New York, by the issuance of a certificate of occupancy therefor, the petitioner appeals from an order of the Supreme Court, Kings County, dated November 7, 1960, which denied his motion and dismissed his petition. Order affirmed, without costs. The structure involved had been moved from one plot to the rear of an adjoining plot, both plots being within the fire limits of the City of New York (see Administrative Code of City of New York, §§ C26–247.0, C26–41.0, C26–11.0). Objection No. 5 of the Borough Superintendent of the Department of Buildings contained a sufficiently complete statement showing that the facts upon which the administrative decisions under review were based supported those decisions, namely, the moving of the structure to a point "within the fire limits." The reference, in the text of this Objection No. 5, to a certain section of the Building Code, section 4.1.7 (Administrative Code of City of New York, § C26–252.0), which might not be applicable to the situation, since that section deals with structures moved from outside the fire limits of the city, should be regarded as surplusage which did not prejudice the petitioner (cf. *People* v. *Love,* 306 N. Y. 18, 23; *People* v. *Jacoby,* 304 N. Y. 33, 40; *People* v. *Dioguardo,* 303 N. Y. 514; *People* v. *Dwyer,* 160 App. Div. 542, 547, affd. 215 N. Y. 46; *People* v. *Ryan,* 12 A D 2d 841; *People* v. *Adler,* 174 App. Div. 301). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.