In the Matter of Joseph J. Steger, Respondent, v. Francis W. Farrell, as Director of New York State Civil Defense Commission, et al., Appellants.

Aulisi, J. Appeal from an order of the Supreme Court, Albany County, which under article 78 (CPLR), directed that the appellants retain the petitioner, an exempt volunteer fireman under section 75 of the Civil Service Law, in the position of Civil Defense Safety Representative with the status of a permanent employee and which restrained them from interfering with his continued employment in that position (Matter of Steger v. Farrell, 35 Misc 2d 614). Petitioner was appointed without a competitive examination to the classified position of Field Representative (Rescue) in the former Division of Safety, in the Executive Department of the State of New York. He was summarily removed on March 31, 1959. He instituted proceedings under article 78 to review his removal and on October 1, 1959, the Supreme Court, Albany County, ordered his reinstatement with back pay on the grounds that his position was permanent and by the provisions of section 75 of the Civil Service Law he could be removed only for cause and after a hearing (decision not reported). Appeal to this court was withdrawn on March 16, 1961, and petitioner was reinstated in November of 1961 with back pay. His position by that time was transferred to the Civil Defense Commission and renamed as Civil Defense Safety Representative. In April of 1961, the Legislature by chapter 299 provided that at the election of the Civil Service Commission the positions known as temporary emergency defense positions could be made subject to the civil service requirements for competitive permanent positions. The Civil Service Commission elected as of May 17, 1961, to make those positions competitive and permanent and thereby subject present holders

to a qualifying examination. Petitioner, after being reinstated in November of 1961, was immediately informed of the examination requirements and was permitted to take the examination in February, 1962, under protest. Petitioner failed the examination and, after being notified that his employment was terminated, instituted these article 78 proceedings. Whether this position was temporary or, as the Special Term found, permanent, it is clear that chapter 299 of the Laws of 1961 abrogates any rights which petitioner might have had under section 75 of the Civil Service Law. That law was specifically intended to make these positions subject to the usual rules for permanent employment. Order reversed, on the law and the facts, and petition dismissed, without costs. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.