OPINION OF THE COURT
Henry J. Scudder, J.
This is an article 78 proceeding brought by the District Attorney of the County of Steuben, Larry D. Bates, against the County of Steuben. The petitioner is the duly elected District Attorney for the County of Steuben having been elected to office in the general election on the 4th day of November, 1980, for a full three-year term commencing on the 1st day of January, 1981.
The Board of Supervisors of the County of Steuben designated the office of District Attorney of the County of *69 Steuben a full-time position pursuant to subdivision 8 of section 700 of the County Law. This designation became effective on the 1st day of January, 1975.
On the 29th day of December, 1980, Local Law No. 2 of 1980 was adopted by the Steuben County Board of Supervisors. Local Law No. 2 establishes the salary of the Steuben County District Attorney at $40,000 per year, and further, section 4 of the local law states that the local law “is intended to supersede Article 6-A, Section 183-a of the Judiciary Law of the State of New York”.
On or about the 20th day of February, 1981, the petitioner received a notice from the Treasurer of the County of Steuben that the compensation for the District Attorney of the County of Steuben would be $40,000 per annum, payable biweekly. On or about the 2nd day of April, 1981, the petitioner served a notice on the Steuben County Board of Supervisors requesting that he be paid pursuant to section 183-a of the Judiciary Law. The petitioner received no response from the Steuben County Board of Supervisors. The County of Steuben continued to pay the salary of $40,000 during the year of 1981.
On the 26th day of January, 1982, a notice of petition and petition was served upon the County of Steuben requesting entry of judgment for petitioner in the amount of $10,400 with interest from January 1,1982, and judgment directing the respondent to pay petitioner’s 1982 salary in accordance with section 183-a of the Judiciary Law.
The respondent interposes an affirmative defense that the petitioner’s claim based on the county’s failure to adequately compensate him for 1981 is barred by CPLR 217 which requires an initiation of a proceeding pursuant to article 78 within four months after the alleged wrongful act. The respondent also alleges that section 201 of the County Law allows the county to fix the salaries of all officers paid from county funds. The primary contention of the respondent is that section 183-a of the Judicary Law is not a general law, and, therefore, the State of New York does not have the authority to act in relationship to the affairs of any local government pursuant to article IX (§ 2, subd [b], par [2]) of the New York State Constitution.
*70 Initially, the court must decide whether the petitioner’s claim is barred by CPLR 217. The petitioner’s article 78 proceeding lies in mandamus. As stated in Parsons v Department of Transp. of State of N. Y. (74 Misc 2d 828, 830): “CPLR 217 limits the time within which a proceeding may be commenced against a body or officer to four months after the determination tó be reviewed becomes final or binding, or within four months after refusal of a demand to perform a duty enjoined by law. The latter limitation on the right to bring on a mandamus proceeding becomes a bar when a petitioner unreasonably delayed to make a demand so as to postpone indefinitely the time within which to institute such a proceeding (Matter of Central School Dist. No. 2 of Towns of Coeymans, New Scotland and Bethlehem v. New York State Teachers’ Retirement System, 27 A D 2d 265).”
In the instant case the petitioner was notified by the Treasurer of the County of Steuben that his compensation would be $40,000 per annum. The petitioner promptly served a notice on the County of Steuben on April 2, 1981, requesting that he be paid a salary pursuant to section 183-a of the Judiciary Law. The respondent failed to reply in any manner to this demand. Since the time limitation imposed by CPLR 217 commences at the time that the petitioner’s demand is refused, petitioner’s claim is not time barred.
The petitioner cannot be charged with knowledge that his claim had been refused until the 31st day of December, 1981, when, in his last paycheck, he did not receive an amount sufficient to place his annual salary at the level dictated by section 183-a of the Judiciary Law. Even if the respondent had communicated a refusal to the claim, the time barrier will not apply where the claim is a failure by the respondent to comply with a continuing constitutional qr statutory duty. (Toscano v McGoldrick, 300 NY 156.) Accordingly, the court holds that the petitioner’s claim for his 1981 annual salary is properly before the court for its consideration.
The Legislature, in passing chapter 1049 of the Laws of 1974, amended subdivisions 8 and 10 of section 700 of the County Law and section 183-a of the Judiciary Law to *71 extend to counties with populations ranging from 40,000 to 100,000 the option of designating the position of District Attorney full time, thereby becoming eligible to receive State aid in the amount of $10,000 per year to be applied to the District Attorney’s salary. At a meeting held on September 16,1974, the Steuben County Board of Supervisors passed by unanimous vote, pursuant to chapter 1049, Local Law No. 2 of 1974. Effective January 1, 1975, Local Law No. 2 established the office of District Attorney for the County of Steuben as a full-time position. By so doing, the board rendered the county eligible to receive the annual State-funded salary contribution and also subjected Steuben County to section 183-a of the Judiciary Law’s requirement that the District Attorney be paid a salary at least equivalent to that of a County Judge in this county.
Section 201 of the County Law, originally enacted in 1950, states: “Notwithstanding the provisions of any general law other than this chapter or of any special law to the contrary, each board of supervisors shall fix the salary of all officers paid from county funds, except the members of the judiciary.” Arguably, by accepting the $10,000 annual salary contribution from the State, the board of supervisors has removed the position of District Attorney from the purview of section 201 of the County Law. Not since 1974 has Steuben County’s District Attorney been paid exclusively from county funds.
However, even conceding for the moment that section 201 of the County Law applies to the case at bar, section 183-a of the Judiciary Law need not be read to do violence to the portion of section 201 of the County Law cited nor to repeal it by implication. In construing apparently conflicting statutory provisions, the court must attempt to harmonize them. The repeal of an earlier statute by implication is not to be favored and should be resorted to only when two statutes are in irreconcilable conflict. (Peterson v Martino, 210 NY 412; People v Dwyer, 215 NY 46; Cimo v State of New York, 306 NY 143; Matter of Urban League of Rochester v County of Monroe, 71 AD 2d 787.) Thus, the board of supervisors, pursuant to section 201 of the County Law, is free to set the District Attorney’s salary as long as they set it at a level consonant with the dictate of section *72 183-a of the Judiciary Law. The latter provision establishes a minimum below which the District Attorney may not be paid. In material part, section 183-a of the County Law requires the board to pay the petitioner a salary equivalent to that received by a County Judge in Steuben County “together with such additional compensation as the [board] * * * may provide by local law.” Conceivably, a board in more prosperous times might wish to reward their District Attorney by granting him, at the commencement of a new term, a salary increase sufficient" to place his salary above that earned by the County Judge.
A claim has been made by the respondent that section 183-a of the Judiciary Law is unconstitutional. In order for legislation to pass constitutional muster it must promote a valid State purpose. Does the legislation promote the health, comfort, safety and welfare of society? “There is generally a very strong presumption that ‘the Legislature has investigated and found the existence of a situation showing or indicating the need for or desirability of the legislation’”. (Matter of Taylor v Sise, 33 NY2d 357, 364, quoting Matter of Van Berkel v Power, 16 NY2d 37, 40.) The burden of showing the unconstitutionality of a statute is on the party asserting it who must demonstrate such fact beyond a reasonable doubt. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) The respondent has made no showing that section 183-a of the Judiciary Law is unconstitutional. In fact, the court’s own research reveals that a legitimate State purpose was served by its enactment, said State purpose being to assure effective enforcement of its laws by providing minimum salaries to attract and keep the best available prosecutors.
Article IX (§ 2, subd [b], par [2]) of the New York State Constitution states:
“Subject to the bill of rights of local governments and other applicable provisions of this constitution, the legislature * * *
“(2) Shall have the power to act in relation to the property, affairs or government of any local government only by general law, or by special law”. Concededly, the legislation at bar purports to act in relation to the property, affairs, or government of Steuben County. There is no *73 contention before this court that section 183-a of the Judiciary Law qualifies as a validly enacted special law. Article IX (§ 2, subd [c]) of the New York State Constitution allows local governments “to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government”.
The respondent would have this court rule section 183-a of the Judiciary Law an unconstitutional exercise of legislative authority in that it does not qualify as a general law. Article IX (§ 3, subd [d], par [1]) of the New York State Constitution defines a “general law” as that “which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.” Admittedly, section 183-a of the Judiciary Law with its incorporation by reference of subdivision 8 of section 700 of the County Law classifies counties so as to create at least five distinct groups, i.e., (1) the five counties contained within New York City, (2) counties other than the five counties contained within New York City having populations greater than 500,000, (3) counties having populations greater than 100,000 and less than 500,000, (4) counties having populations greater than 40,000 but less than 100,000, and (5) Essex County. However, classification by population will not in all instances render legislation special rather than general.
The New York Court of Appeals, in Farrington v Pinckney (1 NY2d 74), upheld as general, legislation which prescribed different jury systems for (1) counties within the City of New York, (2) other counties with populations greater than 100,000, and (3) counties with populations smaller than 100,000. Judge Conway, in his opinion, remarked (pp 80-81), “The class constructed by the act may be based on population, and will be upheld, if conditions, because of such population, can be recognized as possibly common to a class and are reasonably related to the subject of the statute * * * (W)here the reference to population serves only to designate and identify the place to be affected, it will be deemed a local act.”
It goes without saying that law enforcement needs differ in counties of various sizes. The Legislature, in recognizing *74 these differing needs and attempting to deal with them, presumably investigated the situation and acted with reason. The choice of methods is theirs and, absent evidence of absurd and irrational application, is not within the province of this court to second guess. Section 183-a of the Judiciary Law and subdivision 8 of section 700 of the County Law evidence a legislative recognition that smaller counties might find it burdensome to comply with the law’s salary requirements. Thus, it was left to the Board of Supervisors of Steuben County to determine whether or not the position of District Attorney would be full time and subject to those salary requirements. This legislative recognition further urges the conclusion that the Legislature, in enacting chapter 1049 of the Laws of 1974, acted with reason rather than with arbitrariness.
The respondent has suggested that the inclusion of Essex County in subdivision 8 of section 700 of the County Law renders the statute special rather than general. Chapter 419 of the Laws of 1978 amended subdivision 8 of section 700 of the County Law thereby establishing the office of Essex County District Attorney as full time and subjecting that office to the salary requirements of section 183-a of the Judiciary Law. Prior to the 1978 amendment, classification had been general in that it was based exclusively on population.
The inclusion of Essex County in the statutory scheme is troublesome and arguably in violation of municipal home rule provisions of the State Constitution. Were the petitioner in this proceeding the District Attorney of Essex County rather than the District Attorney of Steuben County, this court would be compelled to determine the constitutionality of the 1978 amendment.
However, the possible invalidity of the 1978 amendment need not render the rest of the statute unconstitutional for failing to qualify as a general law. A statute may be unconstitutional in one part and valid in other parts. The unconstitutionality of one part will not invalidate the entire statute if the court finds the objectionable part separable. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) Clearly, Essex County can be deleted from subdivision 8 of section 700 of the County Law without *75 affecting the legislative purpose in its enactment with respect to all other counties in the State. Accordingly, this court holds that section 183-a of the Judiciary Law is a validly enacted general law.
Once a court decides that there is a rational purpose for the legislation it need go no further. It is not up to the court to decide what legal salaries need to be to accomplish the purpose of the legislation. This matter is left entirely to the wisdom of the Legislature. Judge Fuchsberg, in his concurring opinion in Montgomery v Daniels (38 NY2d 41, 68), remarked: “Laws are passed, amended and repealed all the time, and whether they are the best or even desirable means to accomplish their intended purposes is not subject to judicial review. It is not our business to choose from among ‘the earnest conflict of serious opinion’. (Chicago, Burlington & Quincy R.R. Co. v McGuire, 219 US 549, 569.)”
The court still must decide if the petitioner is entitled to the increase provided by chapter 881 of the Laws of 1980 adopted at an extraordinary session of the New York Legislature in 1980. Section 14 of chapter .881 of the Laws of 1980 provides: “The annual salary of each state-paid judge and justice of the unified court system payable on October first, nineteen hundred eighty shall be increased by five percent, effective January first, nineteen hundred eighty-one. Such annual salary, as adjusted, shall be increased by an additional seven percent, effective January first, nineteen hundred eighty-two.” Chapter 881 took effect January 1, 1981, the same date that the petitioner commenced his term of office.
It is the respondent’s position that the petitioner’s salary cannot be raised during his term. There is ample authority to support that position as well as a constitutional prohibition (NY Const, art XIII, § 7).
The court finds that the petitioner’s salary for the years 1981 and 1982 was set by the Legislature at the commencement of his term. Accordingly, the petitioner’s salary increment for the year 1982 does not constitute an unconstitutional midterm raise.
*76 Accordingly, the court grants the relief requested by the petitioner.