OPINION OF THE COURT
John M. Leventhal, J.
Issue Presented
The issue of first impression presented in this case is under what circumstances may an indictment be amended under CPL 200.70 (1) when the statutory reference contained therein does not correspond to the statutory provision with which the grand jury was charged.
Facts
Two of the 28 counts of the instant indictment contain discrepancies between the statute voted on by the grand jury and the statute recorded as being violated in the indictment. The difference in the type of errors made in this indictment mandates that one count be dismissed while the other count may be amended. This decision explains this court’s ruling, rendered on May 21, 2007, dismissing count 26 and allowing amendment of count 22.
Count 26 charges defendant with attempted assault in the second degree under subdivision (1) of Penal Law § 120.05[1] and the indictment recites the contents of this subdivision. However, the grand jury was instructed on and voted on attempted assault in the second degree under subdivision (4) of Penal Law § 120.05.[2]
Count 22 charges defendant with attempted criminal trespass under subdivision (b) of Penal Law § 140.10,[3] but the grand jury *514 was instructed on and voted on subdivision (a) of this offense.* *[4] However, the incorrect subdivision of the offense is accompanied by the text of the actual subdivision on which the grand jury voted.
Discussion
CPL 200.70 (1) permits the court to order the amendment of an indictment at any time before or during trial “with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like.” However, such amendment is permitted only if it “does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits” (id.). Furthermore, CPL 200.70 (2) prohibits the amendment of an indictment for the purpose of curing a failure to charge or state an offense, a legal insufficiency of the factual allegations, or a misjoinder of offenses or defendants. Under this provision, an indictment may not be amended to add counts properly presented to and voted on by the grand jury, but inadvertently omitted from the indictment (People v Perez, 83 NY2d 269 [1994]); such a change is designed to cure a failure to charge or state an offense and constitutes a change in substance, not in form (id. at 276).
In People v Calderon (NYLJ, July 11, 1997, at 28, col 1), this court addressed an issue somewhat similar to that sub judice. In that case, the grand jury voted to indict the defendant for criminal contempt in the first degree under Penal Law § 215.51 (b) (v), but the indictment charged him with contempt under Penal Law § 215.51 (b) (vi). The indictment also recited the text of the incorrect subdivision. The People conceded that the evidence presented to the grand jury did not support the contempt charge under Penal Law § 215.51 (b) (vi), but moved to amend the indictment to substitute the charge as voted on by the grand jury for the incorrect charge. Applying Perez (supra) this court held that such an amendment was designed to cure a failure to charge or state an offense and therefore was prohibited by CPL 200.70 (2).
*515 The issue decided in Calderon is identical to that presented by count 26, which charges defendant with attempted assault in the second degree under a different subdivision of Penal Law § 120.05 than that which was presented to the grand jury, and which recites the text of this incorrect subdivision. An amendment of this count to reflect the charge as voted on by the grand jury would be designed to cure the People’s failure to charge or state an offense and would also alter the theory of the prosecution. Such amendment is prohibited by CPL 200.70 (2) and therefore this count is dismissed with leave to re-present.[5]
Count 22 presents a more difficult question. While this count also cites a different subdivision of Penal Law § 140.10 than that which was presented to the grand jury, the incorrect cite is accompanied by the actual text of the subdivision on which the grand jury voted.
An indictment must contain, inter alia, “[a] statement in each count that the grand jury . . . accuses the defendant . . . of a designated offense” (CPL 200.50 [4]) and a plain and concise factual statement in each count which, without allegations of an evidentiary nature, “asserts facts supporting every element of the offense charged and the defendant’s . . . commission thereof with sufficient precision to clearly apprise the defendant... of the conduct which is the subject of the accusation” (CPL 200.50 [7] [a]). These statutory requirements reflect the fundamental purpose of an indictment, which is “simply to notify the defendant of the crime of which he stands indicted” (People v Iannone, 45 NY2d 589, 598 [1978]).
There is, in fact, no statutory requirement that the indictment refer to the specific statute alleged to have been violated, and many courts have held that such reference is unnecessary *516 (see, People v Allen, 92 NY2d 378 [1998]; People ex rel. Childs v Knott, 187 App Div 604, 613 [1st Dept 1919]; People v Dwyer, 160 App Div 542, 547 [1st Dept 1914], affd 215 NY 46 [1915]; see also, People v Jacoby, 304 NY 33, 40 [1952]).[6] Assuming that the allegations of an indictment are otherwise sufficient to meet the requirements of CPL 200.50 and adequately apprise the defendant of the charges against him or her, the “basic essential function” of an indictment has been fulfilled (People v Iannone, 45 NY2d 589, 598 [1978]). In such an instance, reference to the statute itself is not necessary (People v Ryan, 12 AD2d 841 [3d Dept 1961]).
Count 22 accurately and fully recites the statutory language of Penal Law § 140.10 (a), which corresponds with the statute as presented to the grand jury. In so doing, the count outlines the theory of the prosecution as reflected in the evidence before the grand jury. The inclusion of the incorrect statutory citation, therefore, is surplusage and not necessary to meet the requirements of CPL 200.50. In fact, the People could proceed to trial on this count even if the indictment did not contain any specific statutory citation. It would be illogical, therefore, if the court did not permit the amendment of the indictment to correct this error. Indeed, an amendment of the designated subdivision from “Penal Law § 140.10 (b)” to “Penal Law § 140.10 (a)” would not constitute a change in substance, but rather in form, and would not change the theory of the prosecution as reflected in the evidence before the grand jury. Such an amendment is permitted by CPL 200.70 (1).
Conclusion
For the foregoing reasons, count 26 of the indictment is dismissed with leave to re-present.
The People are directed to submit a written request to amend count 22 to reflect the correct subdivision of Penal Law § 140.10.

. A person is guilty of assault in the second degree under Penal Law § 120.05 (1) when “[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person.”

. A person is guilty of assault in the second degree under Penal Law § 120.05 (4) when he or she “recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.”

. A person is guilty of criminal trespass in the third degree under Penal Law § 140.10 (b) when he or she knowingly enters or remains unlawfully in a building or upon real property “where the building is utilized as an elementary or secondary school or a children’s overnight camp ... or a summer day *514 camp ... in violation of conspicuously posted rules or regulations governing entry and use thereof.”

. A person is guilty of criminal trespass in the third degree under Penal Law § 140.10 (a) when he or she knowingly enters or remains unlawfully in a building or upon real property “which is fenced or otherwise enclosed in a manner designed to exclude intruders.”

. The court notes, however, that even if the indictment accurately reflected the charge as voted by the grand jury, this count would nevertheless be dismissed. A person is guilty of assault in the second degree under Penal Law § 120.05 (4) when he or she “recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.” An attempt to commit a crime requires that the actor have the intent to commit the completed crime (Penal Law § 110.00; People v Williams, 40 AD2d 1023 [2d Dept 1972]). However, the culpable mental state of recklessness does not involve intent. Therefore, a person cannot attempt to commit assault by reckless conduct (id.). Note, however, that a person may plead guilty to an otherwise nonexistent crime such as attempted assault in the second degree under Penal Law § 120.05 (4) in satisfaction of an indictment charging a crime with a heavier penalty (see People v Foster, 19 NY2d 150 [1967]; People v Daniels, 237 AD2d 298 [2d Dept 1997]; People v McFadden, 28 AD3d 1245 [4th Dept 2006]).

. Note, however, that the Court of Appeals has held that a specific reference to the statute in the indictment “operates without more to constitute allegations of all the elements of the crime” (People v D’Angelo, 98 NY2d 733, 735 [2002]; see also, People v Motley, 69 NY2d 870, 872 [1987]; People v Cohen, 52 NY2d 584, 586 [1981]). And in People v Ray (71 NY2d 849, 850 [1988]), the Court of Appeals upheld a conviction for criminal possession of a weapon in the second degree, even though the indictment failed to allege that the defendant intended to use the firearm unlawfully, because the indictment correctly stated the title of the statute.