THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HAROLD
J. STEPSKI, Defendant.*

Recorder's Court of City of Newburgh, June 4, 1940.

*Raphael A. Egan, Corporation Counsel,* for the People.

*William F. Stanton* and *Michael Moses,* for the defendant.

BECKER, Recorder. The defendant was charged by an information made on the 1st day of May, 1940, with having committed the crime of violation of chapter VII, section 7–14.4, of the Code of Ordinances of City of Newburgh, as amended, in that he did, unlawfully, wrongfully, willfully and knowingly, not being a licensed master plumber, at No. 27 High street, in the city of Newburgh, N. Y., alter, repair and make connections to a part of the plumbing system contained in said building, in that he did remove a coal range and disconnect the connections from the plumbing system to said coal range and did install in its place one pot stove and connect the same with the plumbing system in said premises.

The defendant moves to dismiss the information on the ground that chapter VII, section 7–14.4, of the Code of Ordinances of City of Newburgh, as amended, is and was a nullity in that it was not enacted or adopted pursuant to the provisions of the Charter of the City of Newburgh. (Laws of 1917, chap. 590, as amd.)

* See, also, *People ex rel. Stepski* v. *Harford* (174 Misc. 1082).

An examination of the Code of Ordinances of City of Newburgh, as amended, at chapter VII, reveals that this chapter consists of the Plumbing Code and provides that the code of rules for the examination, licensing and registration of plumbers and regulating the plumbing and ventilation of buildings in the city theretofore adopted, are continued. It is clear that what was intended by the information was to charge a violation of chapter VII of the Code of Ordinances of City of Newburgh, as amended, being section 7–14.4 of the Plumbing Code.

There can be no question but that the plumbing board, in conjunction with the board of health, has the right to enact a code of rules regulating the work of plumbing, pursuant to section 44, subdivision 3, of the General City Law of the State of New York. This they did on March 11, 1940. If the information had referred to chapter VII of the Code of Ordinances of City of Newburgh, as amended, being section 7–14.4 of the Plumbing Code, there would, in my opinion have been no question as to its sufficiency. The question here presented is whether a misnomer or inaccurate designation of the crime in the caption or other part of the complaint vitiates the information.

In *People* v. *Strope* (151 Misc. 580) the rule is amply stated: " A prosecution is commenced when an information is laid before a magistrate charging the commission of a crime. The information is an allegation made to a magistrate that a person has been guilty of some designated crime. (Code Crim. Proc. § 145.) An information performs the same function as an indictment in a court of record and must set forth the facts to establish a crime, but the exactness required in an indictment need not be present. All that is necessary is that the information should state the crime charged with such accuracy that the defendant may know the exact offense which it is claimed he has committed. (*People* v. *Olmsted*, 74 Hun, 323.) However awkwardly an information in a Police Court may be drawn, if it charges a crime known to the law and states acts done by the accused that constitute such a crime, it will be sufficient. (*People* v. *Pillion*, 78 Hun, 74.) The information in this case clearly informed the defendant as to the precise crime with which he was charged and no error was committed by the magistrate in refusing to dismiss the charge."

It has also been held that an information need only contain a substantial statement showing the commission of the particular offense charged. (*People* v. *Ostrosky*, 95 Misc. 104.)

It has even been held that where an information charges the violation of the wrong section of law this may be disregarded as surplusage, if the information fully advises the defendant of the

acts relied upon to constitute the alleged violation of the statute. (*People* v. *Adler*, 174 App. Div. 301.)

As a matter of fact it has been held that an information need not refer to the section of the statute where the information followed the wording of the statute. (*People* v. *Montgomery*, 17 N. Y. Supp. [2d] 71.)

In *People* v. *Wilson* (City Ct. Rochester, Crim. Branch, 4 N. Y. Supp. [2d] 592, 594) it was held: " It is not the name given to the offense in the information; it is the acts described therein which are important, both in advising the defendant what he must meet and in determining whether they constitute a violation of the section named."

There can be no question but that the defendant in the case at bar is sufficiently apprised by a detailing of the facts constituting the offense in the information and the nature of the charge against him. Under these circumstances the statement of facts controls any erroneous designation of the offense and the defendant stands charged with the offense charged in the facts set forth in the information.

The motion to dismiss the information is denied.

The arraignment of the defendant for pleading is set for June 8, 1940, at eight A. M.