Douglas F. Young, J.
This is an appeal from a judgment of conviction rendered by the Police Justice Court of the Incorporated Village of Floral Park for violation of Village Regulation No. 22 (speeding) as the regulation was in force prior to October, 1964. Upon conviction, the court imposed a fine in the sum of $50. The defendant contends that the People failed to prove a prima facie case. Specifically, the defendant argues that the evidence adduced did not support a finding that the radar device which was used to measure the speed of the defendant was operating correctly and it must be considered untested.
Furthermore, the defendant claims that the police officer did not testify concerning an independent estimate of the defendant’s speed.
The New York Court of Appeals in People v. Dusing (5 N Y 2d 126, 128) declared that the rule in New York is “ first, that a reading from an untested * * ° radar device is admissible but is not without more sufficient for a speeding conviction ; and, second, that the resulting deficiency in proof can be supplied by the testimony of qualified observers.” (See People v. Magri, 3 N Y 2d 562; People v. Heyser, 2 N Y 2d 390; People v. Marsellus, 2 N Y 2d 653.)
Thus, the first question presented is whether the radar device was tested or untested. A conviction for a speeding violation may rest upon evidence of a tested radar instrument. (People v. Magri, supra; People v. Dusing, supra.) The trial minutes indi *608 cate that on May 22, 1964 after police officer Melinski set the radar instruments in the selected location and prior to the apprehension of the defendant, he tested the device by striking two tuning forks (calibrated at 25 m.p.h. and 50 m.p.h.). In addition, Patrolman Melinski testified that a police test car was driven through the radar’s zone of influence at 40 m.p.h. These tests were repeated at the end of the tour of duty at the same location. The radar graph, which was admitted into evidence without objection, demonstrated that the above tests were conducted and the radar device was operating properly and accurately. Moreover, Lieutenant William Newman, the driver of the police test vehicle was called by the People to testify. However, the defense counsel stipulated that the speedometer of the test vehicle was calibrated and the speedometer test certificate was admitted into evidence. Based upon the testimony elicited at the trial and the exhibits admitted into evidence, this court holds that (1) the radar device was properly placed in its detecting location; (2) that the test vehicle was equipped with a tested calibrated speedometer; (3) that the radar graph demonstrates that the tests of the radar device were made and the radar instruments were functioning properly; (4) that Patrolman Melinski observed the speeding vehicle and identified it (the identification of the defendant at the trial was conceded). These findings are necessary where the alleged offender is apprehended as the result of readings from a radar instrument operated by one person, as was done in the case at bar. (People v. Chitjian, Nassau County Ct., Dowsey, J.; March 31, 1966; cf. People v. Sachs, 1 Misc 2d 148.)
In addition to the foregoing radar testimony, Patrolman Melinski testified that he independently estimated the speed of the defendant’s vehicle.
The adequacy of this portion of the People’s case is open to question but because of the foregoing holding that the radar device was properly tested, it is not necessary to discuss the police officer’s independent estimate of the speed of the defendant’s vehicle, nor his qualifications to make that estimate.
The main thrust of the defendant’s argument is directed to the resolution of a jurisdictional question. The defendant asserts that the information herein, which charges a violation of a local regulation, is jurisdictionally defective.
In the case at bar, the information, a Uniform Traffic Ticket, charged the defendant with violation of Village Regulation No. 22. It did not charge a violation of a Vehicle and Traffic Law *609 (§ 1180, subd. [b], par. 3). The defendant’s argument then alleges that Village Regulation No. 22 is a duplication of and inconsistent with the Vehicle and Traffic Law (§ 1180, subd. [b], par. 3). He then asserts that the State Legislature intended the Vehicle and Traffic Law to be uniform and consistent throughout the State (Vehicle and Traffic Law, § 1600). The defendant continues and says that the authority to punish for a speeding violation is vested exclusively in the Vehicle and Traffic Law.
Section 1600 of the Vehicle and Traffic Law provides that the Vehicle and Traffic Law shall have State-wide application and shall be uniform throughout all political subdivisions. Section 1600 also provides: 11 No local authority shall enact or duplicate any provision of this chapter as a local law, ordinance, order, rule or regulation, except that any local authority authorized to supersede any provision of this chapter may enact any such provision, in a modified or amended form. ’ ’
Section 1180 of the Vehicle and Traffic Law provides in part: ‘ ‘ 3. Whenever maximum speed limits have been established as authorized in sections * * * sixteen hundred forty-three * * * no person shall drive in excess of such maximum speed limits.” (Subd. [b], par. 3.)
Section 1643 of the Vehicle and Traffic Law provides in part: “ The legislative body of any city or village with respect to highways * * * in such city or village * * * subject to the limitations imposed by section sixteen hundred eighty-four may by local law, ordinance, order, rule or regulation establish maximum speed limits at which vehicles may proceed within such city or village, within designated areas of such city or village or on or along designated highways within such city or village higher or lower than the fifty miles per hour maximum statutory limit. No such speed limit applicable throughout such city or village or within designated areas of such city or village shall be established at less than thirty miles per hour. No such speed limit applicable on or along designated highways within such city or village shall be established at less than twenty-five miles pér hour.”
This court construes the above-quoted statutes, when read together, to mean that a village may, by local law, ordinance, order, rule or regulation, establish maximum speed limits for a designated area or street within the village, provided that section 1684 is not violated. Section 1684 is not applicable to the regulation involved in the case at bar.
*610 However, although a village may establish maximum speed limits,, a prosecution for violation of. the village law, ordinance, order, rule or regulation should be brought pursuant to section 1180 of the Vehicle and Traffic Law. The 1957 Revision Note of the Joint Legislative Committee on Motor Vehicle Problems (N. Y. Legis. Hoc., 1955, No. 36, p. 67) states: “ Although fully retaining control by the various public authorities over the establishment of maximum speed limits, the proposed law establishes violations of such speed limits as violations of the Vehicle and Traffic Law, subject to the regular penalties provided in such law * * * . [Nor is] speeding [any] more nor less of an offense because the limit is established by city or village ordinance than it is if the limit is established by statute or by order of the State Traffic Commission, The proposed law recognizes- this by making speeding a violation of the Vehicle and Traffic Law regardless of origin of the speed limit ”.
Thus, this court is of the opinion that Village Regulation No. 22 is consistent with section 1180 (subd. [b], par. 3) and section 1643 of the Vehicle and Traffic Law; and that Village Regulation No. 22 is valid insofar as it is questioned herein. However, a prosecution for violation of Village Regulation No. 22 should be brought under section 1180 of the Vehicle and Traffic Law.
Thus, the ultimate question presented is whether an information which charges a specific offense is jurisdictionally defective if it cites an incorrect statute or ordinance. It has been held that where an information charges the violation of the wrong section of law, the error may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation (People v. Adler, 174 App. Div. 301; People v. Stepski, 174 Misc. 1080; People v. Meyers, 207 Misc. 431).
In the case at bar, the information or simplified traffic ticket alleges that the defendant was speeding, 38 miles per hour in a 25-mile-per-hpur zone. The information then states that this action constitutes a violation of “ VR 22 ”, Village Regulation No. 22. This court is of the opinion that the defendant was sufficiently apprised of the alleged violation of speeding, and that the citation of Village. Regulation No. 22 was mere surplusage, and the omission of a reference to section 1180 of the Vehicle and Traffic Law is not fatal. Accordingly, the information was jurisdictionally valid.
The case of People v. Scanlan (27 Misc 2d 442) is distinguishable from the facts herein and is not inconsistent with this *611 decision. In the Scanlon case, the ordinance there involved was found to he a duplication of and'in conflict with the Vehicle and Traffic Law. The regulation questioned in the case at bar does not conflict with section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law.
Based upon the foregoing discussion of the law and facts, it is ordered that the judgment of conviction is hereby affirmed.