THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROGER A. WEALE, Appellant.

County Court, Yates County, February 1, 1967.

*Frederick J. De Filippo* for appellant. *Frederick M. Hunt, District Attorney*, for respondent.

LYMAN H. SMITH, J. Defendant-appellant appeals from a speeding conviction (Vehicle and Traffic Law, § 1180, subd. [d], formerly Vehicle and Traffic Law, § 1180, subd. [b], par. 3) rendered in the Court of Special Sessions of the Village of Dundee, the Honorable DOUGLAS B. MILES, Justice of the Peace, presiding, on November 15, 1966, whereby defendant was found guilty of violating an ordinance governing the speed of vehicles,

in that he was operating his automobile at a rate of 50 miles per hour in a 30-mile per hour zone on October 31, 1966.

Defendant contends upon this appeal the trial court erred in admitting the arresting officer's testimony concerning the testing of the speedometer in his patrol car by observation of alleged speed of the same while driven by another person through a radar test run. This observation the defendant asserts was "hearsay" (for the officer learned of the car's speed during such "test run" via radio) and was, therefore, at best, ineffective as a test, and at the worst, no test at all.

The defendant apparently contends his conviction must be reversed because the court upon trial permitted testimony of the officer's observations of an "untested" speedometer. Had the speedometer reading been the only proof upon trial, defendant's assertion of error might well be valid. The testing (so-called) of the patrol car's speedometer left much to be desired. But the proof in this case also included independent estimates of the defendant's speed by two qualified witnesses. Defendant assigns no error to the admission of such testimony. We have, therefore, admissible evidence of an untested speedometer (*People* v. *Marsellus*, 2 N Y 2d 653, 655) which, standing alone would not support conviction, but which, when coupled to the testimony of "qualified observers" was sufficient upon the law and the facts to sustain the conviction. (*People* v. *Dusing*, 5 N Y 2d 126.)

Defendant also contends the information is defective and the conviction a nullity in establishing a violation of former paragraph 3 of subdivision (b) of section 1180 of the Vehicle and Traffic Law when, as a matter of fact, the paragraph sequence of the "speeding" provision (Vehicle and Traffic Law, § 1180) had been changed by the Legislature to omit paragraphs 1 and 2 of subdivision (b) and re-designate former paragraph 3 of subdivision (b) simply as subdivision (d) (L. 1966, ch. 950, § 1, eff. Oct. 1, 1966). Thus the information, if properly amended upon trial, should have read "in violation of Sec. 1180 (d), Vehicle and Traffic Law". With the exception of two numerical references to statutory enabling provisions, the wording of paragraph 3 (former designation) and subdivision (d) (new designation) remains identical.

Despite the renumbering (or relettering) of the subdivision of this particular section of the Vehicle and Traffic Law (Vehicle and Traffic Law, § 1180, subd. [d]) the information stated and the defendant well knew the acts constituting the infraction with which he was charged. Such is sufficient. Language in the information incorrectly designating a numerical reference to a particular provision of the law may be disregarded, if the

information clearly informs the defendant of the acts upon which the prosecution will rely to prove an alleged violation of the statute. (*People* v. *Adler*, 174 App. Div. 301; *People* v. *Martindale*, 6 Misc 2d 85; *People* v. *Blattman*, 50 Misc 2d 606; cf. *People* v. *Radak*, 52 Misc 2d 300.) In the instant case there is no demonstrable evidence the defendant failed to understand the charge brought against him, or was confused or hindered in any way in making his defense thereto. This court holds, as a matter of law and fact, the information and conviction were jurisdictionally valid.

The judgment of conviction is affirmed.