Thomas M. Bowes, J.
Following arraignment, defendant moved to dismiss the uniform traffic complaint, No. 70917, served upon him on November 12, 1967 which accused him of speeding on that day in violation of section 61, paragraph 12, of the ordinances of the Village of Dansville.
The motion, upon which the court reserved decision, is made to dismiss the information and discharge the defendant upon the ground that the court has no jurisdiction, since a proper complaint had not been filed with the court, because of the fact that the information filed alleges, a violation of a village ordinance rather than a violation of section 1180 of the Vehicle and Traffic Law.
Defendant calls this 'defect vital since the question goes to the jurisdiction of the court, claiming that driving in excess of a speed limit set by a village is not a violation of the village’s ordinance, per se, but rather a violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law. While counsel cites the old law and enumerated sections, which are no longer in effect or applicable here, the court will proceed on the assumption that he means and refers to subdivision (d) of section 1180 of the Vehicle and Traffic Law, lastly amended and effective October i, 1966.
Subdivision (d) of section 1180 of the present Vehicle and Traffic Law is precisely former paragraph 3 of subdivision (b) of section 1180, as amended by section 3 of chapter 519 of the Laws of 1961 and section 1 of chapter 950 of the Laws of 1966, and it says: ‘ ‘ Whenever maximum speed limits, other than school speed limits, have been established as authorized in sections * * * sixteen hundred forty-three * * * no person shall drive in excess of such maximum speed limits at any time.” Section 1643'and its predecessor sections empower *551 cities and villages to enact ordinances prescribing maximum speeds upon its highways within such city or village.
Pursuant to the applicable provisions enacted by the Legislature, the Village of Dansville, in section 61, paragraph 12, of its ordinances, provided that the maximum speed in the village be 30 miles per hour, and pursuant to said ordinance the defendant was issued a summons for a violation of said ordinance and charged with driving at a speed of 38 miles per hour, that being more than the maximum speed allowed.
It is claimed that in the first instance, defendant violated the village ordinance relating to speed, and he was so charged. Defendant claims that, if he did so violate the ordinance, such a violation was a violation of the Vehicle and Traffic Law and that he should be charged thereunder.
It would appear that the question to be decided is, “ What law controls the speed limits within the State of New York? ” The rules concerning an information in a criminal matter also apply to a traffic offense (People v. Orzechowshi, 4 Misc 2d 484) and where an information is defective, a Justice acquires no jurisdiction and there can be no conviction (People v. Staples, 5 Misc 2d 619). I would believe that one of the cardinal rules to be that a defendant must be fully apprised of the facts and the law of which he is being accused of violating.
In People v. Weale (52 Misc 2d 889) a defendant was charged and found guilty of violating an ordinance governing speed of vehicles, though charged in the information with a violation of section 1180 (subd. [b], par. 3), when in fact that particular section and subdivision were no longer existent or in effect, the paragraph sequence having been changed to omit paragraphs 1 and 2 of subdivision (b) and redesignate former paragraph 3 of subdivision (b) so that it was stated to be known as subdivision (d). The court there felt that the information could have been corrected or amended to conform with the new designation. It is worthy of note that in the Weale case the particular ordinance violated was not mentioned in the information nor was the violation of it charged in the information. No attempt to amend the information here in question.
Article 22 of title IV of chapter 698 of the Laws of 1957 provided for uniform State-wide application, section 1600 thereof setting forth the specific language therefor, and says in part: 11 no local authority shall enact or enforce any local law, ordinance, order, rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein.” A 1957 revision note says: ‘1 Although fully retaining control by the various public authorities over the establishment of *552 maximum speed limits, the proposed law establishes violations of such speed limits as violations of the Vehicle and Traffic Law, subject to the regular penalties provided in such law.” The New York State Comptroller in a 1962 opinion stated: “ A person who violates highway speed limits prescribed by a village ordinance should be charged with a violation of this section ”; the section being referred to being 1180 of the Vehicle and Traffic Law.
This court feels that the pertinent statutes must be read together; that is, first, section 1600 which we have found provides a duplication of laws to be ineffective and that the Vehicle and Traffic Law must have State-wide application and be uniform throughout all political subdivisions; secondly, that section 1643 and its predecessor sections enabled cities and villages to establish speed limits applicable generally to all streets at not less than 30 miles per hour; thirdly, that the Village of Dansville, New York, did by enactment of ordinance 61, paragraph 12, make the speed at which vehicles may be driven upon any of its streets or highways, a maximum of 30 miles per hour; fourthly that subdivision (d) of section 1180 provides that whenever maximum speed limits have been established (as has been done here) no person shall drive in excess of such maximum limit.
Beading these statutes and ordinances together this court construes them to mean that a village may, by local law or ordinance or rule or regulation, establish maximum speed limits for a designated area or street or .streets within the village, provided section 1684 is not violated and I find and hold that such section is not involved in this case. However, I find and hold that, although a village may establish such maximum speed limits, a prosecution for a violation of the village law, ordinance, order or rule or regulation should be brought pursuant to subdivision (d) of section 1180.
It has been written that where an information charges the violation of the wrong section of law, the error may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation. With that thought and in the light of today’s enlightened court rulings I am of the opinion that an allegation of speeding in a certain limited zone, without advising of the particular section being violated is a fatal defect, else how would a defendant be able to meet the charge or statute if he is kept in the dark. In the case at bar the simplified traffic ticket stated first, that on the 12th day of November, 1967; secondly, at about 12:40 a.m. ; thirdly, on Main Street, Dansville, Livingston *553 County; fourthly, in violation of section 61-12 of Village Ordinance of Dansville, N. Y., defendant, fifthly, was speeding over limit 39 m.p.h. in 30-m.p.h. zone. True it is that he fully knew that he was charged with driving 38 miles per hour in a 30-mile per hour zone, but if section 1600 of the Vehicle and Traffic Law expressly forbids the enactment or enforcement of any ordinance conflicting with the Vehicle and Traffic Law, then its use as a basis for arrest is bad, and the information is silent as to any other law or statute that might have been violated and this, I am afraid, voids the information.
The New York State Traffic Commission in its treatise on model traffic ordinances, I feel, has quite succinctly summed up the entire answer, when it said: “ If the local law legislates on a matter contained in the Vehicle and Traffic Law, the Vehicle and Traffic Law is automatically activated and any violation in regard to this matter is a violation of the particular section of the Vehicle and Traffic Law and subject to the penalties set forth in Title IX.; (2) if the local law legislates on a matter not contained in the Vehicle and Traffic Law, the local law stands on its own provisions and any violation in reg*ard to this matter is a violation of the local law and subject to the penalties set forth in that law for the violation of its provisions.”
Based upon the foregoing discussion of the law, I find and hold the simplified traffic ticket here to be fatally defective, withholding from the court jurisdiction in the matter, and the motion made by the defendant following his arraignment and upon which decision was reserved is now granted and the information herein is dismissed and the defendant discharged.