Henry J. Kalinowski, J.
The defendant on the 2nd day of October, 1967, received a summons for speeding. The ‘ ‘ complaint ” was a part of the “ Uniform Traffic Ticket ” (page two thereof), and the pertinent information appearing on the face thereof reads as follows:
“ on the 2nd day of October 1967, at 1:00 a.m. Place — Lido Boulevard. Lido, T. O. H. in Violation of Section — Local Law of #7 Sec 2.4 of 65 mph in 45 mph Zone.”
“ Officer’s Signature W. Walsh ”
“ Sworn to before me this 2 day of Oct. 1967 Lt. M. Rexsen 70 ”
The officer’s signature is a carbon of his signature as appeared on the ‘ ‘ summons ’ ’ or page one of the ‘ ‘ Uniform Traffic Ticket ” packet.
The defendant at the time of trial moved to dismiss the information (motion for judgment) on the following grounds:
1. That Local Law No. 7 of the Town of Hempstead was invalid.
2. The information should have alleged a violation of the Vehicle and Traffic Law (§ 1180, subd. [d]).
3. The information was not properly signed and verified.
4. The bill of particulars was insufficient, as it was not verified.
*449 The Town of Hempstead by Resolution No. 511-1965 became subject to the Suburban Town Law effective January 1, 1966.
The Town Board of said township on December 21, 1965, adopted “Local Law Number 7 of 1965 * * * relating to vehicle speed limits ”. Said local law became effective at midnight December 31, 1965.
On June 14, 1966 the Town Board of said township adopted 1 ‘ Local Law Number 3-1966 ’ ’, which local law amended 11 Local Law Number 7 of 1965 ’ ’ by adding thereto ‘ ‘ Section 2.4 and Section 2.5.” Section 2.4 provided a new 45 m.p.h. speed zone on Lido Boulevard (Lido) from Prescott Street to Meadow-brook Causeway (the area traversed by the defendant when allegedly exceeding the established speed limit).
The defendant contends that Local Law No. 7 of 1965 was invalid at the time of enactment (December 21, 1965), as at that time Hempstead township did not have suburban town status and was thus powerless to effect said local law.
Subdivision 4 of section 50-a of the Town Law states: ‘1 After it shall have been finally determined pursuant to this section that a town shall become a suburban town, the town board shall have power to determine and make provision for any matter necessarily involved in the transition from its form of town government at the time of its becoming a suburban town to its government as a suburban town under the provisions of this article where such matter is not provided for by this article.”
It is the opinion of the writer that sufficient authority for the board’s action in enacting Local Law No. 7, 1965, effective midnight December 31, 1965, is found in the above section.
The question as to whether a complaint is jurisdictionally defective where it specifies a violation of a local ordinance rather than section 1180 of the Vehicle and Traffic Law has been the basis of a number of reported lower court decisions, the last being People v. Kramer (55 Misc 2d 550) where it was held that it was jurisdictionally defective.
The court in Kramer acknowledges that prior decisions hold an information sufficient if the defendant is fully advised of the act or acts relied upon to constitute the alleged violation, but holds that the more enlightened modern view is to consider it a fatal defect. I must disagree. The only purpose of an “information” is to apprise the defendant of his acts which allegedly constitute a violation of an established rule of law. To complicate a ‘ ‘ simplified information ’ ’ with technical demands would appear to be retrogressing into archaic practice.
The rationale in People v. Blattman (50 Misc 2d 606) where it was held that the omission of reference to section 1180 of *450 the Vehicle and Traffic Law was not fatal, is adopted by this court in determining the question.
As to what constitutes a “signature,” section 46 of the General Construction Law provides:
“ § 46. Signature. The term signature includes any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing. ’ ’
In Richardson, Evidence [9th ed.] (§ 553, p. 569) it is stated that, “ where several copies of a writing are produced by the same mechanical operation, each is regarded as an original.” (Citing Huff v. Bennett, 6 N. Y. 337.)
Further, on inference it must be assumed, since the contrary has not been shown, that “ W. Walsh ” attested before the swearing officer, Lt. M. Rexsen, that his “carbon signature” was intended to authenticate such instrument and constituted an original. Accordingly it is found that the information has been properly signed and verified.
Though the bill of particulars served is signed by the officer issuing the summons, the defendant moves to dismiss the information on the ground that the bill of particulars is not verified.
Sections 295-b through 295-i of the Code of Criminal Procedure with respect ,to ‘ ‘ Simplified Indictments ’ ’ only demand that a bill of particulars be signed by the District Attorney. Section 147-f of the Code of Criminal Procedure, dealing with bills of particulars in “ simplified traffic informations ”, requires upon request a “ peace officer to file a bill of particulars of the violation charged.” Section 147-g of the code outlines the statutory requirements of a bill of particulars. Nowhere in the above-mentioned sections (§§ 295-b through 295-i; 147-f; 147-g) is there any requirement for verification.
CPLR 3044 expressly mandates verification of bills of particular in given instances. Certainly the Legislature in its wisdom was cognizant of the law as it pertained to the civil practice, and, had it desired to place a burden of verification on bills in criminal procedure it would have so provided.
The defendant’s motions are thus denied, and on all the evidence the defendant is found guilty beyond a reasonable doubt.
The defendant shall appear before this court on Friday, March 29, 1968, at 9:30 am. for sentence.