James F. Niehoff, J.
This is a motion by the defendant for an order dismissing a uniform traffic ticket upon the ground that it is jurisdictionally defective. In essence the defendant contends that because the number of the statute allegedly violated is incorrectly stated on the ticket the complaint is fatally defective.
The accusatory portion of the simplified traffic information charges that on the 27th day of April, 1970, at 9:10 a.m. the *466 defendant operated Ms 1968 International dump truck bearing New York license plate number 233133 eastbound on Route 25/Brush Hollow Road in Jericho at which time and place said truck had no TMT plate or certificate as required. Immediately following the recital of the foregoing acts constituting defendant’s alleged offense and next to the pre-printed word “ charge ” the officer who issued the complaint wrote the following: “ 220-1 of 502 Law N. Y. S. Tax Law.”
In Ms affidavit in support of the instant motion counsel for defendant argues “ that on April 27,1970, there was no statute in force and effect in the State of New York known as Section 220-1 of 502 Law, New York State Tax Law ” and that, therefore, defendant ‘ ‘ has been charged with no violation of a specific statute of this State and the Uniform Traffic Ticket must be dismissed.”
It cannot be denied that the numerical reference to the statute as set forth in the simplified information is incorrect. The proper recital is subdivision 1 of section 502 of the New York State Tax Law which directs itself to highway use tax and falls under article 21 of said law.
The argument raised by defendant, to wit, that a complaint is jurisdictionally defective because it cites an incorrect statute or ordinance is not novel. Said argument has been the subject of several relatively recent decisions.
In People v. Blattman (50 Misc 2d 606, 610) the Honorable Douglas F. Young of the Nassau County Court wrote: “ Thus, the ultimate question presented is whether an information wMch charges a specific offense is jurisdictionally defective if it cites an incorrect statute or ordinance. It has been held that where an information charges the violation of the wrong section of law, the error may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation (People v. Adler, 174 App. Div. 301; People v. Stepski, 174 Misc. 1080; People v. Meyers, 207 Misc. 431).”
More recently, in the case of People v. Baratta (56 Misc 2d 447) Judge Henry J. Kalinowski of this court was faced with the question. After noting that the court in People v. Kramer (55 Misc 2d 550) had held such an error to be a jurisdictional defect, Judge Kalinowski disagreed with Kramer, supra, and followed the rationale in People v. Blattman (supra). Judge Kalinowski noted, and this court agrees, that the purpose of the information is to apprise the defendant of Ms acts which allegedly constitute a violation of an established rule of law.
In the case at bar the information alleges that the defendant did not display Ms TMT plates or Ms certificate. This should *467 be sufficient to apprise the defendant of the charge against him. The information does mention section 502 of the New York State Tax Law and it is specifically noted here that the informations in the cases of People v. Blattman and People v. Baratta (supra) did not even come close to citing the correct statutory statute. Indeed, they referred to village and local laws when the proper way to plead was to cite subdivision (d) of .section 1180 of the Vehicle and Traffic Law.
The question resolves itself to whether or not the defendant knew the acts constituting the offense with which he is charged. If he does, the information is sufficient. The language in the information containing an erroneous numerical reference to a particular law may be disregarded as surplusage if the information clearly informs the defendant of the acts upon which the prosecution will rely to prove a violation of law. In the case at bar there has been no indication that the defendant does not understand the charge brought against him or is hindered in any way in making his defense.
Accordingly, the information is held to be jurisdictionally valid, and the motion to dismiss is denied. The defendant is directed to appear in this court on December 21,1970 at 9:30 a.m. for the purpose of arraignment on the information.