HON. JOHN J. PAPPALARDO Village Attorney, Tuckahoe
This is in response to your letter requesting an opinion of the Attorney General as to whether a violation of a village ordinance authorized by section 1643 of the Vehicle and Traffic Law must be prosecuted under section 1180(d) of the Vehicle and Traffic Law or the village ordinance.
Subdivision (d) of section 1180 of the Vehicle and Traffic Law provides:
 "(d) Whenever maximum speed limits, other than school speed limits, have been established as authorized in sections * * * sixteen hundred forty-three * * * no person shall drive in excess of such maximum speed limits at any time."
Section 1643 of the Vehicle and Traffic Law authorizes a city or village to enact ordinances prescribing maximum speeds upon its highways within such city or village.
Pursuant to these provisions, the Village of Tuckahoe enacted Village Ordinance 21-57 which prohibits anyone from exceeding the posted Village speed limit of 30 miles per hour. It is claimed by a defendant charged with exceeding this posted speed limit that the violation, if any, was a violation of the Vehicle and Traffic Law and that he must be prosecuted thereunder, rather than under the Village ordinance.
Vehicle and Traffic Law, § 1600 provides for uniform statewide application of the Vehicle and Traffic Law, and reads in part as follows:
 "* * * no local authority shall enact or enforce any local law, ordinance, order, rule or regulation in conflict with the provisions of this chapter unless expressly authorized herin. * * *"
The 1957 Revision Note of the Joint Legislative Committee on Motor Vehicle Problems (N.Y. Legis. Doc., 1955, No. 36, p. 67) states:
 "Although fully retaining control by the various public authorities over the establishment of maximum speed limits, the proposed law establishes violations of such speed limits as violations of the Vehicle and Traffic Law, subject to the regular penalties provided in such law * * * [Nor is] speeding [any] more nor less of an offense because the limit is established by city or village ordinance than it is if the limit is established by statute or by order of the State Traffic Commission. The proposed law recognizes this by making speeding a violation of the Vehicle and Traffic Law regardless of origin of the speed limit."
Reading these statutes together it appears that a village may, by local law or ordinance, establish maximum speed limits for a designated area or street within the village, provided section 1684 of the Vehicle and Traffic Law is not violated. Although a village may establish such maximum speed limits, a prosecution for a violation of the village law or ordinance must be brought pursuant to section 1180(d) of the Vehicle and Traffic Law, based on the village ordinance.
This is precisely the holding in People v. Kramer, 55 Misc.2d 550 (Court of Special Sessions, Village of Dansville, 1967). The Court rules that the village was authorized to establish a maximum speed limit, but that a person charged with exceeding such speed limit must be prosecuted under section 1180(d) of the Vehicle and Traffic Law, and not under the village ordinance. The Court summed up the basis for its holding as follows:
 "The New York State Traffic Commission in its treatise on model traffic ordinances, I feel, has quite succinctly summed up the entire answer, when it said: `If the local law legislates on a matter contained in the Vehicle and Traffic Law, the Vehicle and Traffic Law is automatically activated and any violation in regard to this matter is a violation of the particular section of the Vehicle and Traffic Law and subject to the penalties set forth in Title IX; (2) if the local law legislates on a matter not contained in the Vehicle and Traffic Law, the local law stands on its own provisions and any violation in regard to this matter is a violation of the local law and subject to the penalties set forth in that law for the violation of its provisions.'"
A similar interpretation was enunciated in People v. Blattman,50 Misc.2d 606 (County Court, Nassau County, 1966), where the defendant again alleged that a violation of the village ordinance, if any, must be prosecuted under section 1180 (d) of the Vehicle and Traffic Law. A prior opinion of the Attorney General (1961 Atty. Gen. [Inf.] 220) reached the same conclusion.
Although a violation of a village ordinance must be prosecuted under section 1180(d) of the Vehicle and Traffic Law, the prosecution must be based on the defendant's violation of the village ordinance. The village ordinance must establish the speed limit as authorized by the Vehicle and Traffic Law, but the violation is prosecuted under the Vehicle and Traffic Law. The information charging a defendant with exceeding the established speed limit should charge that the defendant violated the Vehicle and Traffic Law based on a violation of an authorized village ordinance. However, where the information charges the violation of the wrong section of law, the error may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation (People v. Blattman, supra).
Based on all of the foregoing, it is our opinion that the violation of a village ordinance authorized by section 1643 of the Vehicle and Traffic Law must be prosecuted under section 1180(d) of the Vehicle and Traffic Law and not under the village ordiance.