OPINION OF THE COURT
Jack Mackston, J.
Defendant, charged with speeding, a violation of section 15-106 of the Code of Ordinances of the City of Long Beach, now moves to dismiss the simplified traffic information contending that subdivision (d) of section 1180 of the Vehicle and Traffic Law of the State of New York and not section 15-106 of the Code of Ordinances creates the offense, and therefore failure *107 to refer to the former in the accusatory instrument renders the same jurisdictionally defective.
The motion must be denied for the following reasons:
Although section 1600 of the Vehicle and Traffic Law calls for uniform application of that statute throughout the State of New York, section 1643 thereof, as an exception to the general rule, authorizes a city to establish maximum speed limits within its borders provided a State highway is not involved, as is here the case.
Section 15-106 of the Code of Ordinances of the City of Long Beach which was enacted pursuant to section 1643 of the Vehicle and Traffic Law and is in harmony therewith provides: (b, 1) "No person shall operate a motor vehicle on Park Avenue, between New York Avenue and Maple Boulevard, at a rate of speed in excess of thirty-five (35) miles per hour except where otherwise posted.”
Subdivision (d) of section 1180 of the Vehicle and Traffic Law states in part: "Whenever maximum speed limits * * * have been established as authorized in sections * * * sixteen hundred forty-three * * *, no person shall drive in excess of such maximum speed limits at any time.”
Though both of the quoted sections appear to give rise to a speeding offense, defendant argues that prosecution must be brought under subdivision (d) of section 1180 of the Vehicle and Traffic Law. Assuming, arguendo, defendant’s position to be correct, it has been held that reference, in an accusatory instrument, to an erroneous section of law "may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation”. (People v Blattman, 50 Misc 2d 606, 610; People v Baratta, 56 Misc 2d 447.)
The simplified traffic information, in the present case, alleges that on November 4, 1977, defendant, while eastbound on Park Avenue at Lindell Boulevard, was speeding at 45 miles per hour in a 35 miles per hour zone, in violation of section 15-106 of the Code of Ordinances of the City of Long Beach; certainly a clear statement of the nature of the offense. Accordingly the motion to dismiss should be denied pursuant to Blattman.
However, contrary to so much of Blattman that suggests prosecution must be pursuant to subdivision (d) of section 1180 of the Vehicle and Traffic Law, this court is of the belief that *108 either that section or section 15-106 of the Code of Ordinances may serve as the basis for a speeding violation.
Subdivision (d) of section 1180 does not state that it is the exclusive basis for such a charge. Whereas subdivisions (a) and (c) of section 1800 of the Vehicle and Traffic Law expressly provide that conviction may rest upon violation of a local law or ordinance.
For the reasons set forth above, the motion to dismiss is denied and the matter is set down for trial on February 23, 1978, at 4:00 p.m.