OPINION OF THE COURT
Anthony A. Scarpino, Jr., J.
On August 9, 1985, at approximately 9:30 p.m. at South Fulton Avenue and West 7th Street in the City of Mount Vernon, defendant was issued simplified traffic information No. 871151 charging her with violating City of Mount Vernon Code, chapter 256 (5) (A). Immediately below this recitation, a box marked speeding was checked and inserted was, "44 mph in 30 mph zone.”
Defendant was arraigned on August 20, 1985, and requested a supporting deposition. The supporting deposition was forwarded to the defendant and the matter scheduled for trial on November 27, 1985.
At trial, defendant appeared with counsel who filed a written motion to dismiss on the ground that Vehicle and Traffic Law § 1180 (d) rather than city ordinance chapter 256 (5) (A) was the sole authority upon which the violation of a city speed *56 limit could be prosecuted. Defense counsel argued that this "defect” was jurisdictional and that the court had no authority to allow any amendment to the information, citing People v Kramer (55 Misc 2d 550 [1967]), People v Scanlan (27 Misc 2d 442 [1961]), and 1962 Opns St Comp No. 62-937, as well as two unreported cases from the City Courts of Yonkers and New Rochelle.
In either partial or complete opposition to these cases, the Corporation Counsel’s offices cite People v Levin (93 Misc 2d 106 [1978]), People v Blattman (50 Misc 2d 606 [1966]), People v Weale (52 Misc 2d 889 [1967]), and People v Demar (65 Misc 2d 465 [1970]).
It is obvious from reading Vehicle and Traffic Law § 1180 (d) that it contemplates by general reference and incorporates any and all local ordinances establishing speed limits within communities, as long as these local ordinances were lawfully passed pursuant to procedures outlined in the Vehicle and Traffic Law.
The court is sure that all parties would agree that without local ordinances establishing speed limits within the City of Mount Vernon, no prosecution could be maintained under Vehicle and Traffic Law § 1180 (d).
The argument that an accusatory instrument must fall because the only authority to prosecute for a violation of this nature is under the Vehicle and Traffic Law in certain cases is very persuasive. The court feels this interpretation would result in the dismissal of the accusatory instrument in any case where the local ordinance proscribes activities that are either duplicated or in conflict with the Vehicle and Traffic Law (Vehicle and Traffic Law § 1600).
One need not look far from Vehicle and Traffic Law § 1180 (d) where this duplication and/or conflict argument would be controlling. For example, if a local ordinance were cited rather than Vehicle and Traffic Law § 1180 (a) or (e), dismissal would be clearly warranted because these sections of the Vehicle and Traffic Law do not expressly acknowledge and incorporate existing local ordinances.
In the matter before the court, this is not the case. City ordinances similar to chapter 256 (5) (A) are authorized in the Vehicle and Traffic Law within section 1180 (d) as well as elsewhere in the Vehicle and Traffic Law. In cases of this nature where during trial an essential element to be proven would be the enactment of an established speed limit by local *57 ordinance, the argument by defense counsel that the local ordinance under Vehicle and Traffic Law §§ 1600 and 1643 is in conflict and/or duplicitous loses strength.
This determination does not mean that the court disagrees with defendant’s position that it was the desire of the State Legislature to have speed infractions of this nature prosecuted under Vehicle and Traffic Law §1180 (d) rather than by local ordinance. Indeed the court agrees that this was its intention and that the preferred prosecution in cases of this nature would be under the Vehicle and Traffic Law rather than local ordinance.
This "preference” does not necessarily require that the information be dismissed. This court takes the view that if the local ordinance is duplicitous of and/or in conflict with the Vehicle and Traffic Law or established without any authority within the Vehicle and Traffic Law, then the citing of that local ordinance on the accusatory instrument would be jurisdictional. As with any jurisdictional defect the court would be without authority to allow any amendment to correct that defect.
But, as in this case, where there is no doubt that the local ordinance is not in violation of any Vehicle and Traffic Law section regarding conflict and is expressly stated in the Vehicle and Traffic Law to be the authority for setting the speed limits within the city, the citing of only the local ordinance is not a jurisdictional defect.
Possibly the perfect accusatory instrument should cite both the Vehicle and Traffic Law and the local ordinance in this type of case. Courts though are not required to review accusatory instruments and especially simplified traffic informations with an eye for "perfection”. Sufficiency is the test and CPL 100.40 is the controlling authority.
The test followed by most courts is that the accusatory instrument must apprise the defendant of the nature of the charge. Yet, informations have been upheld as sufficient where they did not allege an exact speed as in Vehicle and Traffic Law § 1180 (a) (People v Lewis, 13 NY2d 180); did not include the location of the alleged offense (People v Lupiani, 55 Misc 2d 1); were not subscribed by an officer with direct knowledge of the incident (People v Boback, 23 NY2d 189).
In conclusion, the court believes it was the general intent of the legislators to have a unified legislation governing Vehicle and Traffic Law. Under this general theory one can assume *58 that there is a general "preference” to have all section 1180 (d) type violations cited under the Vehicle and Traffic Law rather than under local ordinances. But, under the circumstances and the wording of the statute itself, a preference "does not a jurisdictional defect make”.
Speed limitations in the city must be set by local ordinance (Vehicle and Traffic Law §§ 1643, 1600-1664). This court feels that a simplified traffic information for this type of infraction is sufficient if it cites either the local ordinance or the Vehicle and Traffic Law.
As to sufficiency, as stated in People v Demar (65 Misc 2d 465, 467, supra) "The question resolves itself to whether or not the defendant knew the acts constituting the offense with which he is charged. If he does, the information is sufficient.” (See, People v Blattman, 50 Misc 2d 606, supra; People v Baratta, 56 Misc 2d 447.)
The court is mindful of the conflict and/or duplication prohibitions of Vehicle and Traffic Law §§ 1600 and 1604. As indicated previously, the same determination would not be reached if the local ordinance was not authorized by the Vehicle and Traffic Law as in section 1180 (d). Under circumstances of either duplication and/or conflict or where a local ordinance has been established without express authority from the Vehicle and Traffic Law, the court would find a citation of local ordinance as a jurisdictional defect prohibiting prosecution under the cited ordinance and/or amendments to the accusatory instrument.
Accordingly, defendant’s motion is denied in all respects. The matter is scheduled for trial on February 11, 1986, at 3:00 P.M.