OPINION OF THE COURT
James B. Reap, J.
A. background: Citing General City Law §20 (32) as her authority, defendant moves to dismiss her speeding ticket on *765 the ground that only the City of White Plains Traffic Commission can establish speed limits within the City of White Plains. She alleges further that since the Common Council and not the Commission established the 30-mile-per-hour limit applicable herein, the speed limit is void. Finally, she states that even if the speed limit is not so void, the maximum fine that can be imposed for a violation is $50. Alternatively, defendant argues that if fines for speeding are not regulated by General City Law § 20 (32), then they are regulated by City of White Plains Traffic Ordinance (City Ordinance) § 302 (2), which also provides for a maximum $50 fine for a first offense.
B. action: We disagree with all defendant’s positions. The motion is denied and the case is set down for a trial at 10:20 a.m. on April 10, 1992.
C. reasoning:
1. Article 39 of the Vehicle and Traffic Law provides for regulation of traffic by cities.
2. A part of article 39 is Vehicle and Traffic Law § 1643, which states that the legislative body of the city may establish maximum speed limits within the city. We take judicial notice of the fact the legislative body here is the Common Council. This statute also provides for State-wide uniformity in establishing city speed limits and sets the miles-per-hour standards cities must follow. On September 2, 1958 the White Plains Common Council pursuant to Vehicle and Traffic Law § 1643 adopted section 302 (1) of the Traffic Ordinance of the City of White Plains and set the city-wide speed limit at 30 miles per hour.
3. Vehicle and Traffic Law § 1600 states that the whole Vehicle and Traffic Law shall be applicable and uniform throughout the State in all its political subdivisions and municipalities and that no local authority shall enact or enforce any local law, etc., in conflict with the Vehicle and Traffic Law unless expressly authorized in the Vehicle and Traffic Law.
4. Vehicle and Traffic Law § 1630 permits certain specified commissions to regulate the speed of traffic at specified State locations. A local traffic commission such as is authorized by General City Law §20 (32) is not among the section 1630 permitees.
5. A. General City Law § 20 (32) authorizes the White Plains Common Council to create a traffic commission. We think it did so by resolution. (See, White Plains City Charter, art VIII- *766 F, §§ 238-j, 238-k, 238-l; Local Laws, 1954, No. 1 of City of White Plains § 1; No. 10 § 1; 1968, No. 2 § 1; 1976, No. 1 § 6.) The purposes and duties of the commission as specified at section 238-k are purely advisory in nature. Nowhere does the local law authorize this commission to establish speed limits. If it did it would be ultra vires and void because General City Law § 20 (32) in the second full paragraph thereof states that such traffic commission when created shall not exercise its exclusive powers and authority within the city to regulate, direct, restrict, or otherwise control the movement of vehicular traffic inconsistently with the provisions of the Vehicle and Traffic Law. We have seen that Vehicle and Traffic Law § 1643 confers upon the legislative body of the city the power to establish speed limits. It does not confer such power on a traffic commission. Moreover, when the last sentence of the second paragraph of General City Law § 20 (32) says a local traffic commission can set a fine of not more than $50 for violation of its rules and regulations, this can have nothing to do with penalties for speeding violations which are exclusively governed by Vehicle and Traffic Law § 1180.
B. Pursuant to its terms, violations of speed limits set by the local legislative body per Vehicle and Traffic Law § 1643 are covered by Vehicle and Traffic Law § 1180 (d) and fines for violations are governed by Vehicle and Traffic Law § 1180 (h). There is a whole statutory scheme created by the New York State Legislature ranging from (a) not more than a $100 fine when 10 miles over the limit up to (b) not less than $60 nor more than $200 for speeds more than 10 but less than 30 miles over the limit and (c) if more than 30 miles over the limit then not less than a $120 fine nor more than a $400 fine may be imposed. Then in Vehicle and Traffic Law § 1180 (h) (4) huge increases in fines are provided for second and third speeding convictions within 18 months (plus $250, e.g.). Thus it is possible to impose a fine of $650 in a selected speed case (more than 30 miles per hour over the limit and third conviction). The State Legislature has clearly preempted the local field on fines for speed violations and this is another reason why, contrary to defendant’s argument, the maximum $50 fine provided by General City Law § 20 (32) can have no application to speeding violations where a traffic commission is not expressly authorized by the Common Council to set speed limits, let alone a fine for violating them.
C. The Governor’s Memorandum approving Laws of 1948 (ch 874) (1948 NY Legis Ann, at 275-276; reprinted in McKinney’s *767 Cons Laws of NY, Book 20, General City Law § 20, at 65-66 [1989]) set forth, among other things: "This bill [adding subdivision (32)] sets forth a purely permissive plan of traffic regulation and control for cities throughout the state * * * [It] would emphasize traffic engineering skills in the solution of traffic problems * * * It would appear desirable, however, to limit the powers of any traffic agencies established pursuant to this bill so as not to destroy the uniformity of traffic rules sought by the State Vehicle and Traffic Law.” (This is why the statute says the exercise of authority by a commission shall not be inconsistent with the Vehicle and Traffic Law. Obviously, a maximum fine of $50, no matter how far in excess of the limit a person was speeding nor no matter how many convictions a person had within 18 months, is inconsistent with, and a far cry from, the maximum fine of $650 for a third conviction authorized by the State Legislature if one exceeds 30 miles per hour.)
6. There remains one final contention of defendant to discuss. She argues alternatively that if section 302 (1) of the City Ordinance is valid in establishing a city-wide 30-mile-per-hour speed zone (and we hold it is) then by its express terms section 302 (2) controls on the fine, which for a first offense cannot be more than $50. This argument is also an exercise in futility because Vehicle and Traffic Law § 1180 (h) and (h) (4) have preempted the local municipal field on speeding fines and made subdivision (2) of the City Ordinance obsolete.
A. Vehicle and Traffic Law § 1180 (d) says whenever, as is the case here, speed limits have been set pursuant to Vehicle and Traffic Law § 1643 (by the Common Council) then every person convicted of a violation shall, pursuant to Vehicle and Traffic Law § 1180 (h) and (h) (4), be punished as follows and the fine schedules thereafter unfold as set forth above at paragraph 5. B. The State has preempted local municipal law on the punishments/fines to be imposed for speed convictions. Ruling this way is logical to provide uniformity and consistency State-wide as to the imposition of fines and sentences on speeding convictions, which is what Vehicle and Traffic Law § 1600 mandates. A contrary holding would allow for as many different speeding fines as there are municipal subdivisions in the State and that would be patently absurd. (People v Kramer, 55 Misc 2d 550 [1967]; People v Blattman, 50 Misc 2d 606 [1966]; see also, 1977 Atty Gen [Inf Opns] 132; Opns St Comp, 1962, No. 937.)
B. There are also no problems enforcing the 30-mile-per- *768 hour limit provided for in City Ordinance § 302 (1) and severing out and refusing to enforce section 302 (2) which sets the $50 fine. This is because of Vehicle and Traffic Law § 3002 (a) and (b). This State statute provides local laws are null and void if they are in conflict with the Vehicle and Traffic Law. Thus, we hold section 302 (1) is valid and section 302 (2) is not and the sentence that may be imposed for violations of city speed limits established by City Ordinance § 302 (1) is controlled by Vehicle and Traffic Law § 1180.
C. Since a violation of a local speeding ordinance is also a violation of Vehicle and Traffic Law § 1180, penalties imposed pursuant to the local ordinance should conform to Vehicle and Traffic Law § 1180 and we suggest the Common Council amend section 302 (2) and make it so.
D. conclusion: For all the foregoing reasons the defendant’s motions are denied.